GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF NEBRASKA v. FRANTISKA BARTES.

FILED MAY 21, 1902. No. 11,764.

Commissioner's opinion, Department No. 2.

1. Fraternal Beneficiary Association: DOMESTIC CORPORATION: SERVICE OF PROCESS. A fraternal beneficiary association, having a grand lodge and principal place of business in this state, and which is doing an insurance business therein, is a domestic corporation or association, under the provisions of section 91, chapter 43, of the Compiled Statutes; and service of summons should be made upon it according to the provisions of chapter 2 of the Code, providing for service of summons on corporations and insurance companies.

2. ——: ——: ——: ——: ANSWER: OBJECTION TO JURISDICTION: WAIVER. Where such association is not privileged from being sued in the county where the action against it is commenced, and it appears in such action and files an answer which contains an objection to the jurisdiction, and also a defense to the action upon the merits thereof, such answer is a waiver of the jurisdictional questions, and the case should be proceeded in, and tried upon its merits.

3. Proof: FACTS STATED IN ANSWER: DEFECT IN NAME OF PARTY DEFENDANT. It is reversible error to refuse to allow a defendant to introduce proof of the facts stated in its answer as a defense to the plaintiff's petition, on the ground of a defect in the name

of the party defendant as set forth in said petition, where the
court has previously overruled defendant's objections to juris-
diction over its person, and required it to answer.

ERROR from the district court for Colfax county.   Tried
below before WESTOVER, J.   *Reversed*.

*W. P. Hall* and *Matthew Gering,* for plaintiff in error.

*Frank Dolezal, contra.*

BARNES, C.

On the 17th day of March, 1899, Frantiska Bartes filed
her petition in the district court of Colfax county to re-
cover the sum of $2,000, claimed to be due to her on a
certificate of insurance issued by the Grand Lodge of the
Ancient Order of United Workmen of Nebraska to her
deceased husband, Joseph Bartes, which certificate bore
date the 14th of August, 1894, and was issued to the de-
ceased as a member of the workman degree of Jan Zizka
Lodge, No. 295, subordinate to the said grand lodge.   The
petition was in the usual form, and the allegations con-
tained therein were sufficient to constitute a cause of ac-
tion.   The only defect which appeared therein was that the
suit was brought against the Ancient Order of United
Workmen by its generic or common name, instead of the
Grand Lodge of the Ancient Order of United Workmen of
Nebraska, the association which issued the certificate.   It
was alleged in the petition that the defendant so desig-
nated by its generic or common name "was a foreign fra-
ternal order, duly organized and existing and doing the
business of life insurance on the lodge plan under and by
virtue of the laws of the state of Nebraska; said defendant
not being organized or existing under the laws of this state
but doing its business of life insurance in this state under
the laws hereof."   It was not alleged in the petition when,
where, how or under the laws of what state or country,
the defendant designated therein was organized.   Upon
filing of her petition the plaintiff caused a summons to

be issued by the clerk of the district court of Colfax county, directed to the sheriff of Lancaster county, who served the same upon John F. Cornell, the then auditor of public accounts of this state. Cornell forwarded the copy of the summons so served upon him to the officers of the Grand Lodge of the Ancient Order of United Workmen of Nebraska, at their general offices and place of business in Grand Island. At the May term of the district court in Colfax county the grand lodge aforesaid appeared specially in said cause, and objected to the jurisdiction of the court, because no summons had been served upon it in the manner provided by law. This objection was set forth in many different ways, and was properly substantiated by affidavits and otherwise; and upon consideration of the said objection the district court overruled the same, allowed the defendant the grand lodge forty days in which to file its answer, and the plaintiff was given twenty days thereafter in which to reply. The defendant's amended answer, on which the cause was finally tried, was filed on the 29th day of July, 1899. In the said answer the defendant again raised the question of jurisdiction. In addition thereto it set forth in the answer matters and things which constituted a defense to the action upon the merits, among which was an allegation that the certificate upon which the suit was brought, was obtained by fraud and misrepresentation on the part of the defendant as to his age; that by reason thereof, according to the by-laws of the order of which the deceased was a member, said certificate was null and void. A reply was filed to this answer, in which the plaintiff pleaded a waiver on the part of the defendant, and an estoppel. The cause came on for trial at the November, 1899, term of court, and was tried to a jury. After the jury was impaneled, the defendant admitted that the Grand Lodge of the Ancient Order of United Workmen of Nebraska issued the certificate in question by and through its grand master workman, J. G. Tate, and its grand recorder, George H. Barber; that the certificate was also signed by Master Workman John Koza, and Recorder J.

B. Mathauser, of Jan Zizka Lodge, No. 295, of which the deceased was a member; that Frantiska Bartes, the plaintiff, was the beneficiary named in said certificate, and was also the wife of the late Joseph Bartes, deceased; that proof of death, as required by law, had been furnished; that Joseph Bartes was a resident of Colfax county at the time of his death; and that he died therein. Thereupon the plaintiff introduced the certificate in evidence, together with other testimony, and then admitted that on the 12th day of December, 1898, at Clarkson, Nebraska, there was tendered to her, in lawful money of the United States, the sum of $43.60, together with interest thereon at the rate of seven per cent. per annum, upon each payment from the date when the deceased entered the lodge to the date of his death; that the tender was made by M. E. Sholtz, grand master workman of the defendant, the Grand Lodge of the Ancient Order of United Workmen of the state of Nebraska, to her personally, which tender included all the assessments which had been paid by the deceased, Joseph Bartes. It was also admitted by the plaintiff that the signature on the first page of Exhibit 2, found in the record, to wit, the name of Joseph Bartes, was signed by him at the time therein stated; and that the signature on page three of Exhibit 2 was also signed by him, and that the same was in his handwriting. The plaintiff having rested her case, the defendant offered evidence to sustain the allegations of its answer, and establish the defenses therein contained. This evidence was objected to, and the objections were sustained, whereupon the plaintiff moved the court for a verdict in her favor. The defendant again offered evidence in detail tending to establish all of the allegations and matters of defense set forth in its answer. Objections to these offers were sustained, exceptions were duly noted thereto, and the court thereupon sustained the plaintiff's motion and directed the jury to return a verdict in her favor for the sum claimed in her petition, to wit, $2,000, with interest, to which the defendant excepted. The jury returned a verdict in accordance with said direc-

tion. The defendant again excepted to all of the proceedings, filed a motion for a new trial, which was overruled, judgment was entered upon the verdict, and the defendant brought the case to this court by a petition in error. Hereafter the defendant in the court below will be called the " plaintiff," and the plaintiff in said court will be designated as the " defendant."

1. The plaintiff contends that the court erred in overruling its special appearance and objection to the jurisdiction, and requiring it to answer the petition of the defendant, because no service of summons had ever been made upon it in the manner provided by law. As we have heretofore stated, there was an attempt to allege in the petition that the Ancient Order of United Workmen was a foreign fraternal order, and service was sought to be made upon it by issuing a summons to the sheriff of Lancaster county, and having the same served upon the auditor of public accounts. There was a signal failure to accomplish this purpose. If the allegations of the petition on this point amount to anything they show, in effect, that the plaintff was and is a fraternal beneficiary association, organized and doing business as such in this state, and is a domestic corporation. The record herein fully establishes the fact that the certificate upon which this suit was brought was issued by the Grand Lodge of the Ancient Order of United Workmen of the state of Nebraska. Section 91 of chapter 43 of the Compiled Statutes, relating to fraternal beneficiary associations, provides: "A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each such society shall have a lodge system, with a ritualistic form of work and representative form of government." The Grand Lodge of the Ancient Order of United Workmen of the state of Nebraska is therefore a domestic corporation or association, and service of summons must be made upon it in the manner described in

chapter 2 of title 5 of the Code, providing for the service of summons upon corporations and insurance companies. The summons in this case should have been directed to the sheriff of Hall county and served upon the grand master workman, or other chief officer or managing agent found at the offices of the said corporation, or association at its place of business in Grand Island. This was not done; and if the plaintiff had stood upon its special appearance, and had not answered to the merits, the court would have had no jurisdiction to proceed in the matter. It is further provided in the act relating to these associations that they may be sued in any county in this state in which is kept their proper place of business, or in which the beneficiary contract was made, or in which the death of the member occurred, or in the county of the residence of such deceased member. Therefore this action was properly commenced in Colfax county, and a summons issued and directed to the sheriff of Hall county, and served upon the association in the manner stated, would have conferred jurisdiction upon the court to proceed to the trial of the action and render a proper and suitable judgment therein. This is not a case where the association was privileged from being sued in the county where the action was commenced. We hold, therefore, that when the plaintiff herein answered over, after its objection to the jurisdiction of the court had been overruled, such answer to the merits conferred jurisdiction upon the court over the person of the plaintiff, and that part of its answer objecting to the jurisdiction was of no effect whatever; that the district court of Colfax county, upon the filing of the plaintiff's answer, had full authority to try and dispose of all of the questions involved in the case upon their merits. *Walker v. Turner,* 27 Nebr., 103, 106.

2. The plaintiff made no objection to the name by which it had been sued. It filed no plea in abatement, and by answering to the merits it disclosed its real and true name, and gave the court information by which it might have corrected the defect in the name of the plaintiff as set

forth in the petition. Having failed to make any objection thereto, it can not now claim any advantage by reason of a defect in the name of the party defendant as set out in the petition in the court below. Plaintiff was in court for all purposes upon the filing of its answer, and the action should have proceeded against it by its true and proper name and designation.

3. The plaintiff contends that the court erred in sustaining defendant's objections to the introduction of its evidence offered for the purpose of establishing its defense upon the merits. It seems that the trial court sustained the objections upon the theory that the plaintiff was not properly in court, and was not the proper defendant in the action. Having held that the objection to the jurisdiction and the special appearance was not well taken, and having required this plaintiff to answer to the merits and having allowed the defendant the benefits obtained by reason of the admissions made on the part of the plaintiff, obviating the necessity for the identification of the certificate in suit, and proof of the fact of its proper issuance, we are unable to see by what process of reasoning the court afterwards reached the conclusion that the plaintiff was not entitled to be heard in its defense to the action by the introduction of its evidence in support thereof. The record in this case shows beyond question that the suit should have been brought against the plaintiff in error as the Grand Lodge of the Ancient Order of United Workmen of Nebraska. It was the association which issued the certificate upon which the action was based. It was the only body possessing the power to levy and collect the assessments necessary to pay the amount of the certificate, or a judgment, if one should be obtained thereon. This being true, the plaintiff was the proper defendant and the real party in interest in said action, and should have been allowed to make its defense and have its day in court. We may well question the validity of the judgment herein. It is difficult to see how, without the appearance of the plaintiff, a judgment against the generic name or designation of

the Ancient Order of United Workmen could in any manner bind the plaintiff. How could such a judgment be collected? It is not contended that the Ancient Order of United Workmen, as designated in the petition in the court below, has any property or effects in this state upon which an execution could be levied, if the law permitted the levy of an execution in such cases. It is not claimed or suggested that the Ancient Order of United Workmen, by such designation, has any power or authority to levy assessments to pay the amount of the judgment obtained herein, or in any way enforce the payment of such assessments, if levied. The court should have required the defendant to amend or change the petition so as to properly describe the plaintiff herein by its proper name and designation before the final submission of the case. We hold that the plaintiff was in court, but we decline to determine in this proceeding whether or not the judgment is binding upon it. We further hold that the court erred in refusing to allow the plaintiff to introduce its evidence in support of the allegations of its answer, and make its proper defense on the trial of this cause. The plaintiff has never had its day in court, and for that reason the judgment should be reversed and the cause remanded for a new trial.

We therefore recommend that the judgment of the district court be reversed, and that this cause be remanded for a new trial, with leave to the defendant to correct her petition as suggested herein.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, and the cause remanded for a new trial, with directions to allow the defendant in error to properly correct her petition as to the name of the party defendant.

REVERSED AND REMANDED.