MARY M. SAMPSON, APPELLEE, V. NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, APPELLANT.

FILED NOVEMBER 9, 1909. No. 15,771.

1. **Appearance.** Where a defect in the service of process appears upon the face of the record, and a special appearance questioning the jurisdiction is overruled, if the defendant answers over to the merits, he thereby enters a general appearance in the action.

2. **Evidence.** A certificate of a public officer that his books show certain facts is not the best evidence of the contents of the books, and, in the absence of a statute authorizing such proof, is not competent evidence of entries therein.

3. **Accord and Satisfaction.** The receipt of money by a creditor, when accompanied by a letter giving the debtor's views as to the amount of his liability, and its application on the amount the creditor claims to be due, without the creditor in any manner assenting to the debtor's claim, is not an accord and satisfaction.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*A. W. Crites,* for appellant.

*A. M. Morrissey, contra.*

LETTON, J.

This action was brought to recover upon a contract of insurance entered into by the Odd Fellows Annuity Association of Iowa, the obligations of which the plaintiff alleges were assumed by the defendant, the Northwestern National Life Insurance Company of Minnesota, in consideration of the transfer to the defendant of all the assets and obligations of the Odd Fellows Annuity Association. The defendant filed a motion to quash the service of summons on the ground that the state auditor, upon whom the service was made in Lancaster county, was not

authorized to receive or accept such service. This motion was overruled. The same matter was pleaded in the answer. The answer further denies that the defendant ever entered into a contract with the Odd Fellows Annuity Association, and denies that there was any reserve fund or assets belonging to the said association. It alleges that it entered into a contract of reinsurance with the Annuity Life Association for the benefit of the members of said association, whereby it agreed to reinsure the members of such association upon certain terms recited in the contract, one of which conditions was that it should only be liable to such members in an amount proportionate to the amount which the premium actually paid bore to the full premium rate, according to a table of rates specified in the contract and shown on the face of the new policies which were issued by defendant to reinsure such members. It further alleges it became liable to the plaintiff in the sum of $270 under the new policy which was issued by it and delivered to the assured who thereafter paid the amount specified as premium on said policy, and that it had paid all of said sum to the plaintiff, except $10.10, which it was ready and willing to pay. It denies any liability to the plaintiff, except as under said reinsurance.

1. Defendant contends that the court erred in overruling the motion to quash the service of summons. The record shows a copy of a summons indorsed: "Received April 20, 1907, 3 P. M., E. M. Searle, Jr., Auditor of Public Accounts." Also the original summons, with a return showing that a true and certified copy was served by "being delivered in person to E. M. Searle, Jr., Auditor of the State of Nebraska, agent for service and attorney in fact for such company." There is further in evidence a certified copy of a power of attorney executed by the defendant on the 25th day of February, 1905, appointing the auditor of public accounts of the state of Nebraska its attorney upon whom process may be served, and agreeing that "this authority shall continue in force so long as any liability remains outstanding against the company in

this state." There is also an affidavit of the president of the company to the effect that the company has not been authorized to do business in Nebraska since January 31, 1906; that it has no agent in this state, and that the cause of action sued on was not an existing liability of the company on that date. The defendant argues that the action does not appear to have arisen in Dawes county; that the defendant had retreated from the state before the action was begun; that the service was made in another county upon an unauthorized person, and that consequently no jurisdiction was obtained by the district court for Dawes county. We think it unnecessary to pass upon this point, since the defendant has waived it. An action to recover upon an insurance policy is not a local but a transitory action, and may be brought wherever the defendant may be found. *Insurance Co. v. McLimans & Coyle,* 28 Neb. 653; *Nebraska Mutual Hail Ins. Co. v. Meyers,* 66 Neb. 657. The fact that the only service was upon the auditor of public accounts in Lancaster county was apparent on the face of the record. When the defendant answered over on the merits, it made a general appearance in the action. *Grand Lodge, A. O. U. W., v. Bartes,* 64 Neb. 800; *Linton v. Heye,* 69 Neb. 450.

2. The defendant's answer is devoted mainly to a plea of certain conditions in a contract made with the Annuity Life Association for the benefit of James T. Sampson. It also denies that it assumed the obligations of plaintiff's contract with the Odd Fellows Annuity Association, and denies that it was ever liable to the said plaintiff or to any person for the performance of any terms, conditions, conveyances and obligations set forth in such contract. But in another portion of the answer we find an allegation that the plaintiff had a membership certificate for $1,000 in the Odd Fellows Annuity Association, and that "it (the Odd Fellows Annuity Association) contracted with this defendant to reinsure the life of said James T. Sampson, and thereupon at the home office of the defend-

24

ant, at said Minneapolis, another contract of insurance was made for the benefit of James T. Sampson, which the defendant supposes is the contract referred to in the petition herein; but this defendant says that the covenants and agreements in said contract to be performed by the defendant are not truly portrayed and set forth in said petition." This admission simplifies the issues. The plaintiff's petition is based upon the theory that the defendant became possessed of all assets of the Odd Fellows Annuity Association, was its successor, and assumed its obligations; that it received the benefit of the payments of premium by the assured, and thereby became liable to pay the death loss as successor to the property and business of the former company. The defendant denies its succession, and claims that its liability to the plaintiff is measured by the terms of a new policy issued by defendant and accepted by the assured, and that it has fulfilled the obligation.

3. To sustain the plaintiff's theory it was necessary to prove that the defendant became possessed of the assets of the former company and assumed its liabilities. To maintain this issue the plaintiff offered in evidence a certificate of the auditor of state of the state of Iowa to the effect that the Annuity Life Association had on deposit in his office on the 12th day of April, 1902, securities to the amount of $6,700, and that his books further showed that these were withdrawn from deposit by the Northwestern National Life Insurance Company on April 15, 1902. The reception of this certificate in evidence was objected to by the defendant as incompetent, and as "stating what the books show, rather than a copy of the books themselves in relation to the matter in controversy." This objection was overruled and exception taken. This certificate was clearly incompetent. We have held that a certified copy of a letter written by an officer stating what the records of his office disclose is not competent evidence of the facts. *Moore v. Parker*, 59 Neb. 29. The certificate offered was a mere statement by the officer of what the

books contained, and was not the best evidence. The question whether or not defendant acquired the property of the former association was a vital one under plaintiff's theory of the case, and this proof could only be supplied by competent evidence. The admission of this evidence was erroneous; and, since it was the only evidence showing the transfer of securities to the defendant, it was decidedly prejudicial.

It is contended, further, that the court erred in rejecting defendant's exhibits 6 to 10, inclusive, being receipts for premium payments on the new policy, found among the papers of the insured. We think there was sufficient foundation laid for the admission of these receipts. They were produced by the plaintiff from among the papers of the deceased, were postmarked at Minneapolis, and were upon a printed form of the defendant, and addressed to James T. Sampson, at Chadron, Nebraska.

Defendant maintains that the proofs show an accord and satisfaction. This claim is based upon the fact that after the death of the assured a letter was written by defendant to plaintiff containing a computation of the amount admitted to be due her based on the contract of reinsurance and the new policy which it issued, which, together with a check for $50, being the first instalment due, was sent to the plaintiff and received by her. This was followed by other instalments until the sum of $250 had been paid. The evidence does not show, however, that the plaintiff did anything more than receipt for the money as it was paid to her. The payments were not made upon condition, or by way of compromise. We think that the plaintiff had the right to accept such money and apply it on the amount she claimed to be owing her, without thereby agreeing that she would make no further claim.

For the errors with respect to the admission of evidence, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.