# CHARLESTON.

## DANSER v. MALLONEE.

Submitted October 5, 1915. Decided October 26, 1915.

1. ATTACHMENT—*Quashing—Motion to Dismiss—Non-resident Defendant.*

    In an action to recover a debt, with attachment and service of process by publication against a non-resident defendant, his motion, after the court on his special appearance for that purpose has quashed the attachment and order of publication against him, to dismiss the case from the docket, is properly overruled. After such action the plaintiff has the right to retain the case on the docket for new process and a new order of attachment, if so advised. (p. 27).

2. APPEARANCE—*General Appearance—Motion to Dismiss.*

    The entry of such subsequent motion to dismiss, overruled, amounts to a general appearance in the action, and the defendant thereby submits himself to the jurisdiction of the court to pronounce a personal judgment against him in the action. (p. 28).

3. ASSUMPSIT, ACTION OF—*Declaration—Sufficiency.*

    In an action of assumpsit, founded on defendant's promise, failure to aver such promise in the declaration renders the declaration fatally defective, and a demurrer thereto for such defect should be sustained. (p. 28).

4. ASSIGNMENTS—*Action by Assignee—Pleading.*

    In an action against the debtor by an assignee of the debt it is unnecessary to aver the date of the assignment or notice thereof to the defendant. (p. 29).

5. SAME—*Declaration—Sufficiency.*

    But the declaration in such action founded upon such assignment, which fails to aver non-payment to the assignor and to all other persons who at any time subsequent to the maturity of the debt were entitled to receive payment, is fatally defective on demurrer and the demurrer should be sustained. (p. 29).

Error to Circuit Court, Taylor County.

Action by Elijah Danser against Estella Mallonee. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Warder & Robinson,* for plaintiff in error.

*W. P. Samples,* for defendant in error.

Miller, Judge :

This action was begun against defendant, a non-resident, by attachment and service of process by publication. Defendant having thereafter appeared specially for that purpose the court on her motion quashed the attachment and the order of publication against her. Thereupon instead of withdrawing from the case and the further jurisdiction of the court, defendant's counsel moved the court to dismiss the case from the docket, which motion the court overruled, assigning, in its order, as the only ground therefor, that defendant had taken depositions in the case, on notice to plaintiff, which had been returned and endorsed filed by the clerk on January 24, 1913.

The first point of error made is that the court erred in overruling defendant's motion to dismiss the case from the docket. The only argument offered against this ruling is that the reason given by the court for its action is not a good one, namely, that defendant had before appearance in the case taken and filed depositions. If the judgment was right for other reasons it is immaterial whether the reason assigned by the court is a good one or not. Our judgment is that the motion was properly overruled, because after the court quashed the attachment and the order of publication against defendant, plaintiff had the undoubted right to retain the case on the docket for new process. To have dismissed the action from the docket without according to him this right would have been error. *Park L. & I. Co.* v. *Lane,* 106 Va. 304, 308; *Goolsby &c.* v. *St. John,* 25 Grat. 146, 160. According to these decisions, though the original attachment and the return on the original process to answer the action may have been properly quashed, plaintiff was entitled to retain the action on the docket for new process and attachment, and it would

have been error for the court to have denied him that right. See section 1, chapter 106, Code 1913. This case is not like a suit in equity on a claim not due, and when jurisdiction in equity depends solely upon the validity of the attachment. In such cases, according to our decisions, the suit falls with the attachment and the bill is properly dismissed. *Miller* v. *Zeigler*, 44 W. Va. 484, 489; *Frye* v. *Miley*, 54 W. Va. 324.

The question then is did defendant submit herself to the jurisdiction of the court by entering her motion to dismiss the case from the docket? We think she did. Our decisions say that appearance by defendant for any other purpose than to take advantage of the defective execution or non-execution of the process against him amounts to a general appearance, and waiver of process. 1 Ency. Dig. Va. & W. Va. Rep. 674, et seq. Our conclusion is that no error was committed in denying defendant's motion to dismiss. *Franklin* v. *Lumber Co.*, 66 W. Va. 164, 66 S. E. 225; *Grubb* v. *Starkey*, 90 Va. 831, 20 S. E. 784; *Order of United Commercial Travelers* v. *Bell*, 184 Fed. 298, 106 C. C. A. 440; *Sampson* v. *Northwestern Nat. Life Insurance Co.*, 85 Neb. 319, 123 N. W. 302.

The next point of error made by defendant is that the court erroneously overruled her demurrer to the declaration and each count thereof. The declaration consists of the common counts of indebitatus assumpsit, and a special count counting upon an alleged assignment by one W. P. Samples to the plaintiff of an account for work and services rendered by Samples to the defendant. The point made against the first or common indebitatus assumpsit counts is, that it is neither averred that defendant was originally indebted to Samples, instead of Danser, and then to Danser by virtue of such assignment, so as to admit proof of such assignment, nor is there any averment of a promise by defendant to pay either Samples or the plaintiff on request the several sums of money so alleged to be due, an essential averment in all actions of assumpsit founded on promise. Our opinion is that if these counts aver a promise of defendant to pay the plaintiff the several sums demanded in this count, the declaration would be good in form, the form given in Hogg's Pleading and Forms, although, for want of a proper averment, evidence of the assignment by Samples to Danser, as alleged in the second

count, would not be admissible in evidence under the common counts. Plaintiff's counsel say they followed the form given in Hogg's Pleading and Forms, for the common indebitatus assumpsit counts; but as a matter of fact there is no averment of any promise whatever by defendant to pay plaintiff, as prescribed by that form. An action of assumpsit is based upon a promise, and the promise must be alleged, or the declaration will not be good. Hogg's Pleading & Forms, section 84, page 72, and section 99, page 83, and cases cited; 4 Robinson's Practice, 230.

The criticism of the second or special count is that it lacks averment of notice to defendant of the assignment by Samples to Danser, and of the date defendant undertook or promised to pay plaintiff the sums demanded; and that it is also deficient in not averring that the sums so demanded were not paid to Samples before his assignment of said account to plaintiff, and notice thereof to defendant.

We do not think averment of notice of the assignment, or of the date of the promise by defendant to plaintiff, were necessary or material averments, but in our opinion this count of the declaration is fatally defective in failing to aver non-payment to Samples before his assignment to plaintiff. A long line of decisions in this State, as well as in Virginia, unite in holding, that in an action for the recovery of a debt whether the form of the action be in assumpsit or debt, the plaintiff must not only allege non-payment of the debt, but such allegation must also be general, and not limited to the time when it became due, and must be extended to every person who had the right to receive payment, either at the time the debt fell due or at any subsequent time. Hogg's Pleading & Forms, section 99, and cases cited; *Smoot* v. *McGraw*, 48 W. Va. 144; *Buckner* v. *Blair*, 2 Munf. Anno. 485, and note citing cases; 3 Robinson's Practice, 607. This defect in the declaration, being material, is not cured by the statute.

As the judgment must be reversed for want of a good declaration, it becomes unnecessary, if indeed not improper, to consider any of the other questions presented respecting admission and rejection of evidence. The judgment will, therefore, be reversed, the demurrer sustained, and the case remanded to the circuit court, with leave to plaintiff to amend

his declaration within a reasonable time, if so advised, and to be further proceeded with therein in accordance herewith and with the rules and principles governing in courts of law.

*Reversed and remanded.*