Brooks v. Flora.

---

OTTO BROOKS, APPELLANT, V. OMER C. FLORA, APPELLEE.

FILED OCTOBER 20, 1923. No. 22449.

Appearance. Where a defect in the service of process upon a defendant in an action *in personam* appears on the face of the record and he appears specially to object to the jurisdiction of the court over his person, and the objections are overruled, if such defendant answers over to the merits he thereby enters a general appearance in the action.

APPEAL from the district court for Deuel county: J. LEONARD TEWELL, JUDGE. *Reversed.*

*McKillip & Barth,* for appellant.

*Halligan, Beatty & Halligan, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and DEAN, JJ., COLBY and REDICK, District Judges.

DEAN, J.

This action originated in the county court of Deuel county, where plaintiff sued to recover $509 for the alleged conversion by defendant of a quantity of wheat. Defendant, at all times material to this inquiry, was a resident of Sedgwick county, Colorado, and was served in that county with a summons issued out of the county court of Deuel county, Nebraska, by the sheriff of Sedgwick county, Colorado, who was regularly appointed by the sheriff of Deuel county for that purpose. Defendant appeared specially in county court and objected to the jurisdiction of the court. His objections were overruled. Thereupon he filed his answer in the county court repeating therein his objections to jurisdiction which he had formerly filed. In his answer he pleaded additional defenses in respect of the merits. Upon the hearing the county court found in plaintiff's favor and rendered judgment against defendant for $509 and costs. Defendant appealed to the district court from the judgment of the county court.

The district court held, *inter alia,* that the facts, as pleaded, presented "an action *in personam,*" and that when the action was begun "defendant was absent from and not a resident of Deuel county," but was a resident of Julesburg, Colorado, and dismissed the action. Alleging error, plaintiff executed an appeal bond and brought the case to this court for review.

In the case before us the alleged defect in respect of the summons and its service upon defendant appears on the face of the record. In the answer, in respect of the merits, this statement, *inter alia,* appears:

"The defendant hereby offers to do equity in the premises and tenders the amount due upon said execution into the court together with interest and costs to date. Wherefore this defendant prays that the plaintiff's action be dismissed and that he recover his costs herein expended."

It does not appear that defendant actually tendered any money into court, but from the pleadings, and particularly from defendant's answer, it is obvious that the power of the

Brooks v. Flora.

court must necessarily be invoked to determine the sum that was due. This appears from the fact that in his petition plaintiff sued to recover $509. In his answer defendant pleaded that less than half of that sum was due. But that defendant did not have it in mind to tender $509 into court for plaintiff is apparent. It follows that an undetermined question of fact was thereby tendered by defendant which, in view of the record, must necessarily be determined by the court, or by a jury, as occasion might warrant. Human nature is such that it is only natural to conclude that in the case before us a disagreement would at once have arisen between the parties on the question of the amount which was due. It follows that affirmative action would have been required on the part of the court to hear and determine the controversy, and that "such appearance calls for the judgment of the court upon matters outside of the mere question of the jurisdiction of the court, and amounts to a general appearance in the case." *Barkhurst v. Nevins,* 106 Neb. 33. In brief, the defendant, having invoked the power of the court on a question other than jurisdiction, thereby, under our earlier and our more recent decisions, submitted to its jurisdiction.

*Crowell & Crowell v. Galloway,* 3 Neb. 215, is an early case where Judge Lake, speaking for the court, said: "If a defendant intend to rely on the want of personal jurisdiction, as a defense to a judgment entered against him, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court; if he appear for any other purpose, such appearance is general and a waiver of all defects in the original process, and an acknowledgment of the complete jurisdiction of the court in the action." In *Pearson v. Kansas Mfg. Co.,* 14 Neb. 211, we held: "An appeal from a judgment in a personal action gives the appellate court jurisdiction of the appellant regardless of whether the lower court had acquired jurisdiction over him or not." The *Pearson* case was cited with approval in *Dunn v. Haines,* 17 Neb. 560. In *Bankers Life Ins. Co. v. Robbins,* 59 Neb. 170, we held: "If a defendant invoke the judgment

of the court, in any manner, upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general." To substantially the same effect is *Montague v. Marunda,* 71 Neb. 805. In *Sampson v. Northwestern Nat. Life Ins. Co.,* 85 Neb. 319, this court held: "Where a defect in the service of process appears upon the face of the record, and a special appearance questioning the jurisdiction is overruled, if the defendant answers over to the merits, he thereby enters a general appearance in the action." In *Grand Lodge, A. O. U. W., v. Bartes,* 64 Neb. 800, we held: "Where such (fraternal beneficiary) association is not privileged from being sued in the county where the action against it is commenced, and it appears in such action and files an answer which contains an objection to the jurisdiction, and also a defense to the action upon the merits thereof, such answer is a waiver of the jurisdictional questions, and the case should be proceeded in and tried upon its merits."

Some confusion has crept into the decisions of our court on the question of special appearance, in this class of cases, and the rule applicable to the pleader who answers over to the merits. The early rule in the state, and the more recent rule as well, is stated in the excerpt from the *Sampson* case which is above cited.

Subsequent to the earlier decisions on this question the rule was modified in some respects and thereby its application became confused. However in *Banker's Life Ins. Co. v. Robbins,* 59 Neb. 170, which was decided in 1899, and herein cited, and in the *Sampson* case as well, the earlier rule was followed and both cases have been cited and approved continuously from the time of their adoption. We believe it to be the preferable rule and adhere thereto.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.