WILLIAM N. EDGAR, APPELLEE, V. SKINNER PACKING COM-
PANY ET AL., APPELLANTS.

FILED DECEMBER 4, 1924. No. 22902.

1. Corporations: SALE OF STOCK: SUIT TO RESCIND: VENUE.
When a sale of stock in a foreign corporation is procured
through fraudulent representations and statements of its agent
in a county, the contract for the sale executed, dated, signed. and
consideration paid, and the contract transmitted to the corpora-
tion office in another county, an action in equity to rescind the
contract based on such fraud may be brought in the former
county. Comp. St. 1922, sec. 634.

2. Contracts: " DATE." "The word ' date ' is the ' designation or
indication in an instrument of writing of the time and place
when and where it was made.' " Hammond v. Ocean Shore
Development Co., 22 Cal. App. 167.

3. ———: RESCISSION. When one party to a contract has been
induced to enter into it through fraudulent representations of
the other party, he has a reasonable time after discovery thereof
to rescind.

4. ———: ———. Held, that, under the facts proved and the
law applicable, the trial court did not err in entering decree
rescinding contract of purchase.

APPEAL from the district court for Red Willow county:
CHARLES E. ELDRED, JUDGE. Affirmed.

Ritchie, Canaday & Swenson and C. D. Ritchie, for appel-
lants.

Butler & James and Stewart, Perry & Stewart, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN,
GOOD and THOMPSON, JJ.

THOMPSON, J.

This is a suit in equity, instituted by plaintiff, Edgar,
against the defendants, Skinner Packing Company. Ameri-
can State Bank, and D. W. Geiselman, seeking to rescind a
contract of subscription for stock in defendant packing
company, cancel a note given by plaintiff in part payment
thereof, and to recover $3,125, the amount paid by him on the

subscription. The pleadings are too voluminous to be here set out, but the material issues before us are: (1) Whether the district court for Red Willow county had jurisdiction of defendants? The Skinner Packing Company is a foreign corporation, with its principal place of business in Nebraska in Douglas county. Service was had on it by serving summons on the auditor of public accounts in Lancaster county, under section 634, Comp. St. 1922. The other defendants are residents of Douglas county, and were served therein. Neither defendant was served in Red Willow county. (2) Was the plaintiff induced to purchase 50 shares of stock in defendant packing company by false and fraudulent representations made to him by it through its agent, to his detriment? (3) Did plaintiff waive his right to rescission by delay after having knowledge of the facts?

The trial court overruled objections filed by defendants to the jurisdiction, and defendants then answered over, carrying into each answer as a part thereof this question of jurisdiction. At the close of the evidence, the court found for the plaintiff, and granted him the relief prayed for as to defendant packing company, and dismissed as to the other defendants. From this judgment, defendants appeal.

The court having found in favor of defendants Geiselman and American State Bank, and as no cross-appeal was had, we need consider the appeal as to the other defendant only.

Taking up the issues in their order, we find that the subscription for the stock was secured, the money paid, and the note executed and delivered to the authorized agent of defendant packing company, all in Red Willow county, and at the same time and place the false and fraudulent representations relied on were made. Also, the contract was dated and signed in Red Willow county. *Held*, that "the cause of action, or some part thereof, arose" in Red Willow county, under section 634, Comp. St. 1922, and the court did not err in overruling objections raised to the

jurisdiction. *Buckley v. Advance Rumely Thresher Co.,* 106 Neb. 214.

Further, the petition discloses that the cause of action, or some part thereof, arose in Red Willow county, and issuance of summons and return thereof show that service was had on defendant packing company in Lancaster county by serving summons on the auditor of public accounts, and on defendants Geiselman and the bank in Douglas county. Thus, objections to the jurisdiction which were carried into the respective answers were those and those only disclosed by the record. Therefore, each defendant, by reason thereof, entered a general appearance. *Brooks v. Flora,* 111 Neb. 9.

As against this conclusion, defendants cite *Hammond v. Ocean Shore Development Co.,* 22 Cal. App. 167, in which suit was brought in Mono county. It was not alleged that the contract was either made or to be performed in that county, and this failure is stressed in the opinion. On the contrary, it appeared from the complaint that the contract was dated in San Francisco county, and the presumption is that a writing is truly dated, and the place at which a contract is dated is held to be " the place where the contract was made." The opinion then concludes that the contract was made and was to be performed in San Francisco county. It is further held therein that "a cause of action in deceit accrues immediately upon the successful consummation of the fraud," citing 20 Cyc. 90, and that rescission was had in San Francisco county, and the Mono county court was without jurisdiction.

Let us apply this reasoning to the instant case. The plaintiff lived in Red Willow county, the parties were there when the contract was made. It was dated at Bartley, in that county. The money was paid and the note given there. There was no other place named in the contract for its completion. The letter seeking rescission was written and posted there. Then it must be further noticed that the language of the California statute construed by that court did not contain the words, " or some part thereof," found

in section 634, *supra*. Then, the California case was one at law, based on a rescission had, while this is one in equity, seeking rescission. In the former, the cause of action arose where the rescission took place; in the latter where the fraud, or some part thereof, was committed. It is contended by defendants that legal notice of rescission was not had. This contention is not applicable to an equitable action for rescission. *Geise v. Yarter, ante,* p. 44; *Union Central Life Ins. Co. v. Schidler,* 130 Ind. 214; *Briggs v. Brushaber,* 43 Mich. 330; 20 Cyc. 90. But the rule is otherwise in a law action.

As to the second issue, the case comes to us for trial *de novo,* under section 9150, Comp. St. 1922. We have carefully examined every question presented by the pleadings and the evidence, from which it is considered by us that the petition states a cause of action, impelling the granting of the relief prayed for, if supported by sufficient evidence; that the evidence conclusively proves that defendant Skinner Packing Company, through its duly and legally authorized agent, falsely and with intent to defraud plaintiff, made the representations set forth in the petition; that plaintiff believed same to be true, and relying thereon was induced to, and did, pay the defendant packing company, at the time and place stated, $3,125 in money, and at the same time and place executed and delivered to it his promissiory note in the usual commercial form for $3,125, due and payable as alleged in plaintiff's petition; that defendant retains, and has at all times retained, the certificate of stock and control thereof, as well as the note. Further, as a part of the fraud, the agent executed a collateral contract to repurchase the stock. The evidence shows that this agent at the time was also a stockholder and promoter of defendant packing company. Thus, this case comes within the law as announced in *Stroman v. Atlas Refining Corporation, ante,* p. 187; *Brown v. Stroud & Co., ante,* p. 210; *Franey v. Warner,* 96 Wis. 222.

As to the third issue, we find that, although plaintiff did not bring this action for more than a year after the fraud

was committed, he did bring it within a reasonable time after he discovered such fraud. Things such as the laudatory letters written him by defendant company served to lull his suspicion, investigation, and discovery. However, timely after such discovery, plaintiff demanded of defendant company a rescission of the contract, asked surrender of the note, and payment to him of $3,125, offering to return as far as possible under his limited control all that he had received by virtue of the transaction. We conclude that plaintiff did not waive his right to rescind by laches. In this conclusion we are supported by *Rhines v. Skinner Packing Co.*, 108 Neb. 105. " The true doctrine is that, after discovering the facts justifying rescission, the party is entitled to a reasonable time in which to decide upon the course he will take." 2 Black, Rescission, sec. 536.

Therefore, having examined every question of law and fact presented it is considered and determined by us that the findings, judgment and decree of the district court in favor of plaintiff and against defendant Skinner Packing Company is in all things right, and should be, and hereby is,

AFFIRMED.

Note—See Contracts, 13 C. J. sec. 671; Corporations, 14 C. J. sec. 874; 14A C. J. sec. 4121; Date, 17 C. J. sec. 2; Fraud, sec. 133.