T. F. GREEN, APPELLEE, v. ANTON RUZICKA ET AL.,
APPELLANTS.

FILED FEBRUARY 12, 1926. No. 23581.

1. **Vendor and Purchaser:** RESCISSION. A vendee of land may rescind a contract for its purchase upon failure of the vendor to furnish title in accordance with the terms of the contract, and may exercise such right within a reasonable time.

2. ———: ———. Where a vendee of land is given possession
of the premises under a contract of purchase, pending efforts
to perfect title thereto, and, with the knowledge and acqui-
escence of the vendor, leases the premises, such leasing will not,
of itself, defeat the right of vendee to rescind the contract for
failure of vendor to perfect and furnish good title, according to
the terms of the contract, where the vendee, within a reasonable
time, offers to surrender the premises and the rentals to the
vendor.

APPEAL from the district court for Saunders county:
LOVEL S. HASTINGS, JUDGE. *Affirmed on condition.*

*J. H. Barry* and *J. C. Cook,* for appellants.

*Slama & Donato, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON
and EBERLY, JJ.

MORRISSEY, C. J.

By a written contract, dated September 6, 1920, defend-
ants Anton Ruzicka and wife agreed to sell, and plaintiff
agreed to purchase, a tract of land in Saunders county,
which comprised an island in the Platte river, of about 65
acres, and certain lands adjacent to the river, containing in
all 357 acres, for a consideration of $41,500. Plaintiff was
to deliver an automobile at the agreed price of $1,500 as
the initial payment, pay $2,000 October 1, 1920, $8,000
March 1, 1921, and give to defendant Anton Ruzicka a mort-
gage on the lands for $30,000. Defendants agreed to
convey the lands by warranty deed on March 1, 1921, and
to furnish an abstract showing good record title to the
premises. Plaintiff delivered the automobile and paid the
$2,000 due October 1, 1920. No further payments were
made upon the purchase price. The only record title de-
fendants had to the island was a quitclaim deed from a
former squatter owner. Possession of the premises was
turned over to plaintiff by defendants early in March, 1921,
and an abortive effort was made to perfect the record title
to the island. Later, Ruzicka refused to perfect the record

title to the island, and insisted that plaintiff should take the premises and accept a quitclaim deed to the island. Plaintiff refused to accept such title. Defendants threatened to bring an action for specific performance, but nothing further was done until October, 1921, when plaintiff brought this action to rescind the contract, recover the payments made by him, and for the value of the improvements placed upon the premises by him while in possession under the contract.

Defendants filed an answer and cross-petition, admitting the execution of the contract, the receipt of the automobile, and the $2,000 payment, and alleged that prior to September 6, 1920, an oral agreement had been entered into between the parties to this action, by which defendants were to convey the island by a quitclaim deed and the other lands by warranty deed; that plaintiff, on the 6th of September, came to defendants' home with a written contract, which he requested them to sign, that defendant Anton Ruzicka did not have his glasses, could not read the contract, and plaintiff volunteered to read and pretended to read the contract; that he read the description of the island, whereupon defendant Anton Ruzicka objected and told plaintiff he was not selling the island, but that he was conveying it to him by a quitclaim deed as a gratuity; that plaintiff then assured defendants that said contract would not mean that he was to convey the island by warranty deed, and that the object of adding that provision to the contract was merely a memorandum to insure plaintiff that it would be conveyed by quitclaim deed; that, in reading said contract, plaintiff did not read any part thereof concerning the furnishing of an abstract, showing a good title of record to the premises, and omitted to read other portions of the contract; that shortly after the 1st of March defendants tendered a quitclaim deed to the island and a warranty deed to the other premises described in the contract, and demanded payment of the $8,000 then due; that plaintiff had taken possession of the premises; that any improvements made by plaintiff were made without the knowledge or consent

Green v. Ruzicka.

of defendants; that plaintiff rented and collected the rentals for the premises and had thereby waived his right to rescind; and, further, that the agreed price of the automobile was $1,000, and that the consideration for the entire premises was $41,000, instead of $41,500. Defendants prayed to have the contract reformed, and that it be specifically enforced. A trial to the court resulted in a decree for plaintiff rescinding the contract; that he recover from defendants the sum of $3,500, with interest, being $1,500 for the automobile and the $2,000 cash payment made to defendants. Defendants have appealed.

Defendants argue that the decree is not supported by the evidence and that a decree, reforming the contract and awarding specific performance, should have been entered.

From the record it appears that the contract was prepared by the plaintiff, in duplicate, in the presence of the defendants at their home in Holt county, and that one of the duplicates was left with them. Anton Ruzicka testified that he was unable to read writing and scarcely able to read printed matter. It appears, however, that he had had considerable business experience and was shrewd in his business dealings. His wife could readily read and write. He made no claim that the written contract did not express the understanding and agreement of the parties until after March 1, 1921, and it is inferable that he did not do so until a much later date and after he had consulted counsel with a view to enforcing the contract. There are other discrepancies in his testimony and circumstances which tend to discredit defendants' contention.

It would serve no useful purpose to review the evidence in detail. After a careful examination of the record, we deem it sufficient to say that we reach the same conclusion as did the trial court, namely, that the evidence does not establish defendants' contention that they were, by fraud, induced to sign the written contract. On the contrary, we are convinced from the evidence that the contract as written expresses the understanding and agreement of the parties, except in one particular which will be hereinafter noted,

and that the defendants were not entitled to have the contract reformed.

Defendants argue that plaintiff has waived any right to demand rescission of the contract, because he took possession of the premises, leased them to a tenant, has not surrendered or tendered back possession of the premises, and has not surrendered or tendered back the rental notes and grain rentals for the year 1921, and because he did not exercise his right to rescind promptly on discovering that good record title to the island could not be furnished.

The record shows that plaintiff took possession of the land and leased it to a tenant at a time when an effort was being made to obtain a good title of record to the island, and when plaintiff was refusing to make further payments until title to the island should be perfected. Defendants turned over to plaintiff possession of the premises, without the cash payment due March 1, 1921, without delivering a deed to the premises, and without receiving a mortgage back for the remainder of the purchase price. Under this state of facts, it seems clear that both plaintiff and defendants have acted on the assumption that the title was to be made satisfactory and that the terms of the contract were to be ultimately complied with. But later defendants refused to do anything to perfect the title, and insisted that plaintiff should accept a quitclaim deed to the island. Shortly thereafter plaintiff refused to go on with the contract unless good title to the island should be furnished. Defendants threatened to bring an action for specific performance, and plaintiff, anticipating that such action would be brought, waited for its commencement, expecting to make a defense and ask for rescission in the threatened action by defendants; but, as heretofore indicated, defendants failed to bring the action, and plaintiff finally instituted action for rescission. It also appears that plaintiff never collected any rents for the premises; that the rental notes were paid by the tenant to a bank and the proceeds thereof remain in the bank and subject to the order of defendants; that the grain rentals were hauled to and placed in an ele-

vator and are there, subject to the order of defendants. Plaintiff, at the time of the trial, specifically disclaimed a right to any of the rentals for the premises.

A vendee of land may rescind a contract for its purchase upon failure of the vendor to furnish title in accordance with the terms of the contract, and may exercise such right within a reasonable time. *Huffman v. Bankers Automobile Ins. Co.*, 112 Neb. 277, 283; *Edgar v. Skinner Packing Co.*, 112 Neb. 752; *Read v. Loftus*, 82 Kan. 485. See, also, 6 Cyc. 300, 301, and cases there cited.

The leasing of the premises by plaintiff was done with the knowledge and acquiescence of defendants. Plaintiff has not collected the rents and has not done anything, since defendants refused to furnish good title to the island, which would preclude him from rescission. Plaintiff contracted for a good title to the entire tract of land. It has not been furnished. In good conscience, he should not be required to accept an unmarketable title. He has in this proceeding tendered back to defendants all that he ever received, and is entitled to a rescission of the contract because of defendants' failure to furnish a good title in accordance with the terms of the contract.

It fairly appears from the evidence, however, that the original consideration agreed upon was $41,000, instead of $41,500, and that defendants were to accept an automobile from plaintiff for the sum of $1,000. Under this state of facts, plaintiff was entitled to recover only $3,000, with interest thereon. The judgment of the district court is therefore excessive to the extent of $592.05. If plaintiff shall, within 20 days, remit from the judgment all in excess of $3,545.38, the judgment will be affirmed; otherwise, the judgment will be reversed and the cause remanded.

AFFIRMED ON CONDITION.

Note—See note in 30 L. R. A. n. s. 878; 27 R. C. L. p. 658; 3 R. C. L. Supp. p. 1518.