GEORGE A. MELLENTHIN v. JOHN DONOVAN.[1]

July 9, 1926.

No. 25,449.

**When and how vendee can rescind his lease to tenant because of failure to obtain title.**

The vendee of land under an executory contract of sale, who had leased to a tenant who was in possession when the time to close the contract came, was entitled to rescind because of the failure of the vendor to give the title agreed, but he could not rescind and recover what he had given without restoring what he had received.

Vendor and Purchaser, 39 Cyc. p. 1424 n. 44; p. 2052 n. 80.

---

See 27 R. C. L. p. 654; 5 R. C. L. Supp. p. 1481.

---

Action in the district court for Lyon county to recover amount paid by plaintiff vendee on an executory contract of sale of land, defendant vendor having failed to perform. The case was tried before Gislason, J., who ordered judgment in favor of defendant. Plain-

[1]Reported in 209 N. W. 623.

tiff appealed from an order denying his motion for a new trial. Affirmed.

*J. V. Williams* and *Freeman & Smith*, for appellant.

*James H. Hall* and *A. R. English*, for respondent.

DIBELL, J.

Action to recover the consideration paid by the plaintiff vendee in an executory contract of sale of land upon the failure of the defendant vendor to perform. There were findings for the defendant and the plaintiff appeals from the order denying his motion for a new trial.

On October 2, 1923, the defendant and the plaintiff entered into a contract whereby the defendant was to deed to the plaintiff a quarter section of land in Lincoln county on the basis of $20,000, for which the plaintiff transferred to the defendant cattle which represented $5,000, and was to assume a $10,000 first mortgage and a $5,000 second mortgage. The contract was to be closed March 1, 1924. The defendant offered a title subject to three mortgages, the first for $9,000, the second for $1, and the third for $6,000, and at higher rates of interest than those agreed upon in the preliminary contract.

The contract gave the plaintiff the right of possession from its date. What he did in reference to the possession does not appear, further than that he made a lease for a year from March 1, 1924, and that his lessee was in possession when the time for closing came.

The defendant did not comply with the contract. He did not offer the title agreed upon and he was late. The plaintiff was entitled to rescind. He did not restore possession of the land to the defendant. He had made a lease for a year which between himself and his tenant was good. It was not good as to the defendant, who could have ejected him by legal proceedings. To make a good rescission, so that he could recover at law the consideration paid, it was incumbent upon the plaintiff to give to the defendant what he got from him. Then the defendant would have been wholly in the wrong. This he did not do.

The case is distinguished from Green v. Ruzicka, 114 Neb. ——, 207 N. W. 509, where the leasing by the vendee was with the consent and acquiescence of the vendor.

Of course the defendant cannot breach his contract as he did and fail to make restoration of the consideration he received. No law permits that. Nor does the law require him to lose because the land was not restored to him. Sometime he must account. It seems quite obvious that if the plaintiff had put himself in a court of equity, offering to do what was right in respect of the use of the land, instead of relying on a legal right to recover upon the theory that he had made an effective rescission and that the defendant was wholly in the wrong, the court could have given relief. We are induced to say this much because of the evident purpose of counsel to end the dispute. Aside from the question whether the plaintiff should have the $5,000, or the value of the cattle which the $5,000 represented, there is little difficulty. That question is not presented for decision. The rights of the parties arising from the failure of the plaintiff to restore possession can be adjusted easily.

Order affirmed.