NELL G. LANGDON, APPELLEE, V. LOUP RIVER PUBLIC POWER DISTRICT, APPELLANT.

297 N. W. 557

FILED APRIL 9, 1941. No. 31015.

*Francis P. Matthews, William P. Kelley, August Wagner* and *C. N. McElfresh,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, MESSMORE and YEAGER, JJ., and CHAPPELL, District Judge.

SIMMONS, C. J.

This case presents three questions which may be outlined as follows:

1. Did the court err in rendering a decree holding void and canceling an option for an easement?

2. Did the court err, while holding the case under advisement, in permitting the plaintiff to withdraw her rest and offer evidence of a tender to return the consideration paid?

3. Did the court err in retaining jurisdiction to enter "further orders"?

Plaintiff is the owner of farm land, suitable for suburban development, near the city of Omaha. November 25, 1938, the plaintiff and her husband executed an agreement granting an option to the defendant for one year for a right of way and perpetual easement for the construction and maintenance of a transmission line across her property. The consideration paid for the option was one dollar. The price to be paid for the easement was fixed by schedule in the option and included, "Two Pole Structure in Cultivated Land * * * 20." The amount paid for the option was to be credited on the final settlement. In the spring of 1939, defendant tendered the easement for execution, together with $19 to pay for one structure. On several occasions plaintiff and her husband refused to sign the easement. Defendant recorded the option and, without the actual knowledge of the plaintiff, entered upon the land and built the structure and transmission line.

Shortly after plaintiff discovered that the line had been built, she filed her petition, praying that the option be declared null and void, and the cloud of the option removed from her title to the land; that defendant be required to remove the transmission line or institute condemnation proceedings; prayed for damages in the sum of $5,000, and for equitable relief.

The petition is based upon the proposition that one Clark, agent of the defendant, by false and fraudulent representations of material facts which were believed and relied upon by plaintiff and her husband, induced plaintiff and her husband to execute the option. These false representations were alleged to be that the line was being built by the government; that it had fixed the price of the right of way payments; that the plaintiff could not successfully oppose the government; that practically all landowners along the right of way had signed similar options; that the wires would be 60 feet in height; that there would be no danger therefrom; that the construction would enhance the value of the land because of the availability of cheap electricity; that the construction would not depreciate the value of the property; that the line would not be constructed on the east 20 acres of the tract, which was considered by the plaintiff to be the most desirable for a building site; that the option was a preliminary paper and that the more important paper would be the easement. The petition then sets out wherein the representations were false; the plaintiff's reliance upon the representations; the refusal to sign the easement; the construction of the line without permission, in part across the east 20 acres of the tract, and her damage.

Defendant alleges the execution of the option, the tender for execution of the easement and the balance due thereunder, the construction of the line, and denied generally the allegations of the petition. By cross-petition, defendant pleads full performance of the option contract, and prayed for specific performance of the option agreement and equitable relief.

The matter was tried on the 24th and 25th of January, 1940. Subsequent thereto the court made general and special findings in favor of the plaintiff, and particularly found that the option was obtained by means of false and fraudulent misrepresentations of fact which were relied upon by the plaintiff. The court declared the option void, and ordered the defendant to remove its structures unless

within 60 days it instituted and prosecuted condemnation proceedings and complied with the final order therein. Defendant's cross-petition was dismissed.

The first question presented is the sufficiency of the evidence to sustain the judgment. It will not be reviewed in detail. In the main, plaintiff's evidence sustained and defendant's evidence denied the allegations of the petition. It was in conflict on most questions of fact. In many general respects it was similar to that reviewed by this court in *Sic v. Loup River Power District,* 136 Neb. 506, 286 N. W. 700. The evidence was sufficient to sustain the conclusion of the trial court and no sufficient reason appears to set that conclusion aside.

The second question presented arises from the following situation. Plaintiff did not plead a rescission or an offer to return the consideration of one dollar which was paid when the option was executed. At the close of the trial, January 25, 1940, both parties rested and the case was taken under advisement. On February 13, 1940, and before the court had announced a decision, plaintiff filed a motion to withdraw her rest and to introduce further evidence. Over objection of the defendant, the motion was granted. It was thereupon stipulated that on February 12, 1940, plaintiff tendered one dollar to defendant, and the tender was refused, and that such a tender prior thereto had not been made. It does not appear that this question of a tender was called to the attention of the court or plaintiff prior to the taking of the case under advisement. From the briefs in this case, we gather that this situation (described by the defendant as a "legal defect") was first raised, after the parties had rested, in defendant's brief to the trial court. Be that as it may, defendant contends that this action was an irregularity and an abuse of discretion, prejudicial to the defendant. Defendant does not contend that, had a tender been made either before or during trial, it would have been accepted, nor does defendant contend that it has in any way changed its position as a result of the failure to tender a return of the consideration. Obviously

the defendant would not have accepted the tender if it had been made before or during the trial of the cause.

The giving of a notice of rescission was not necessary. This court has held: "When a party seeks to rescind a contract by his own act, he must give the other party notice; but when he seeks the aid of a court for that purpose, the bringing of the action is sufficient disaffirmance for the purpose of the action." *Geise v. Yarter,* 112 Neb. 44, 198 N. W. 359. See, also, *Edgar v. Skinner Packing Co.,* 112 Neb. 752, 200 N. W. 992.

Was it necessary, under the facts alleged by plaintiff, to plead and prove a tender, as a repayment, of the consideration?

This court has said: "That which the attitude of the party to whom tender is due unmistakably shows to be vain and useless may. be dispensed with in rescission cases of this kind." *Prime v. Squier,* 113 Neb. 507, 203 N. W. 582.

The better rule appears to be that, in an action in equity for rescission or cancelation, the failure to return or offer to return the consideration will not preclude relief where the consideration is merely money paid, the amount of which can be credited in partial cancelation of the injured party's claim, and where it is patent that a tender, if made, would be rejected, an equity court having jurisdiction to award relief to both the plaintiff and defendant, and to specify the conditions under which relief will be granted. Restatement, Contracts, sec. 480; 5 Pomeroy, Equity Jurisprudence (2d ed.) 4764; 13 C. J. 621; 17 C. J. S. 921, sec. 439; 12 Am. Jur. 1031, sec. 451. Under the facts of this case, no equitable reason exists to require the plaintiff to do more than she has done. No prejudice to the substantial rights of the defendant has occurred.

The third question presented arises as follows: The trial court at the conclusion of its decree stated: "The court retains jurisdiction of this case for the purpose of entering any further order that it may deem necessary in the premises, and for the purpose of awarding to plaintiff

a reasonable sum for rental value for the use of her property during the period defendant has maintained its structures and transmission lines on and across the property of plaintiff without right or authority."

Plaintiff does not complain that the trial court failed to dispose of the litigation in a manner satisfactory to her. No reason appears for the court to retain jurisdiction to enter further orders. It does not appear, nor should it be inferred, that the defendant will fail or refuse to obey the decree of the court. The question of the value of the use of the premises was not an issue at the trial. Evidence was not offered on that question. Additional questions that may arise between the parties should be determined on proper pleadings and evidence and not upon a reservation of jurisdiction for further orders. This part of the decree is considered to be improper and it is set aside.

AFFIRMED AS MODIFIED.