360 P.2d 650

Inez Fay BOGLE, Potter Company, a corporation, by Inez Fay Bogle, a Stockholder, Plaintiffs-Appellants,

v.

M. M. POTTER and Potter Company, a corporation, Defendants-Appellees.

No. 6596.

Supreme Court of New Mexico.

Feb. 23, 1961.

Rehearing Denied April 14, 1961.

C. R. Brice, H. M. Dow, Roswell, for appellants.

Bigbee & Stephenson, Santa Fe, Adams, Foley & Calkins, Albuquerque, for appellees.

CARMODY, Justice.

Plaintiff-appellant seeks to have us review the action of the trial court in overruling her motion, praying the entry of judgment on the basis of an alleged compromise of two separate lawsuits.

The circumstances requiring an opinion on this matter, which is actually a cross-appeal, are extremely unusual and such that they could very possibly never recur.

The parties will be designated by their names, in order to make for clearer understanding of the situation.

Plaintiff, Mrs. Bogle, filed two suits in the lower court, one in her own individual capacity against Mr. Potter and the Potter Company, a corporation. The other case was by the Potter Company by Mrs. Bogle, as a stockholder and individually, against Mr. Potter. For all practical purposes, Mrs. Bogle will, for the purpose of this opinion, be considered as the appellant, and Mr. Potter as the appellee.

The two cases aforementioned were tried together, and, at the close of the trial, the court did not announce its decision, but expressed a tentative opinion in such a way that the parties assumed that Mrs. Bogle would be successful in both cases. Shortly thereafter, Potter, through his attorneys, made a written offer of compromise and settlement. After the offer was made, the attorneys for the parties and Potter spent several hours with a firm of accountants, in order to determine, if possible, whether or not Potter would be free from tax liability under the terms of the offer of settlement. The accountants, although wishing to make an additional examination of the facts, gave an oral opinion that if the settlement were handled in a certain way, Potter would be free from tax liability. The attorneys for the parties thereupon attempted to prepare a final stipulation of settlement, but such was never agreed upon. Thereafter, within a few days, Potter discharged his attorneys and nothing further was done in reference to the agreement.

Mrs. Bogle then filed what is termed a motion for judgment, in the two original cases. This motion sought to have the court enter judgment, as provided by the letter of proposed settlement. A hearing was had on the motion, Mrs. Bogle submitting the testimony of Potter's former at-

torney and certain other witnesses; and Potter thereupon, at the close of Mrs. Bogle's testimony, moved that the motion for judgment be denied. The trial court orally denied Mrs. Bogle's motion.

Thereafter, findings of fact and conclusions of law were made by the court in the two original cases, and judgment was entered thereon in favor of Mrs. Bogle. At the same time, requested findings and conclusions were made by the parties with respect to the motion for judgment, and the court adopted Mrs. Bogle's requested findings of fact as its own, but denied her requested conclusions of law, and concluded from the facts found that Mrs. Bogle was not entitled to enforce the compromise.

The court's findings and conclusion are as follows:

"Findings of Fact

"1. Motion for judgment was filed in this cause, based upon the offer and acceptance of a compromise of said two suits, although filed only in Cause No. 21681. Before the filing of said motion the Court had heard all the testimony in said two causes as consolidated suit, and had announced in substance the following:

" 'I feel that I should make this tentative finding, which goes to the heart of the two cases. I will tentatively find that this entire line of business trans-actions between these parties was induced by a promise of marriage and that the transactions from the time of the inception of the partnership to the time that the sons engaged counsel to file this law suit, was tainted with fraud.'

"2. The above two suits each presented controversial questions of fact and law which were yet to be determined by the Court from the evidence, when on April 18, 1958 the defendant through his attorneys of record made an offer in writing to compromise the two cases, which offer of compromise was in words and figures, as follows, to-wit:

" 'April 18, 1958.

" 'Judge C. R. Brice
Roswell, New Mexico

" 'Dear Judge Brice:

" 'At the direction of our client, Mr. Bean and the writer make the following proposal for the complete settlement of the Potter Company and Bogle cases against him.

" 'Mr. Potter, subject to the approval of Bassett, Johnston & Deason, accountants, as to freedom from tax liability, will assign and transfer all of the common stock now standing of record in his name in the Potter Company to the Potter Company Corporation, in

consideration of the cancellation and settlement by that corporation of all of its claims against him, including the indebtedness now shown to be owing by him on the books of the corporation; and in further consideration of the payment by the corporation of the following items:

| | |
|---|---|
| Attorneys' fees to Reese, McCormick, Lusk & Paine | $5000.00 |
| Expenses of said attorneys | 300.00 |
| Attorneys' fees to Bean, Osborn & Snead | 5000.00 |
| M. M. Potter | 2500.00 |
| for the purpose of paying his federal and state income taxes on account of dividends and salary credited to him for the year of 1957. | |

" 'Final settlement will be effected by the transfer and assignment of the stock above mentioned and the dismissal with prejudice of the two cases above mentioned, which are now pending in the District Court of Chaves County, New Mexico; and in addition thereto Mr. Potter by this instrument will guarantee that there are no outstanding corporate debts other than as shown by the books, except attorney's fees and cost due James W. Stagner of Carlsbad, New Mexico, and small current purchases for supplies, etc. which may have been made during the month of April and which have not been billed to the corporation.

" 'Mr. Potter also desires that some mutually agreeable representative of the parties be designated to check and receive all of the personal property shown in the inventories and belonging to the corporation, and expresses his willingness to devote such of his time as may be necessary to acquaint the representative with any pending unfinished business matters affecting the corporation and as may be necessary to effect the transfer of possession of all of the above mentioned personal property.

" 'GLR SO Very truly yours,

(signed) Geo. L. Reese, Jr.'

"3. The plaintiff accepted said offer of compromise which was again approved on the same day by the defendant, after being reduced to writing by his counsel of record.

"4. Thereafter the defendant and his attorneys of record met with the tax accountants Bassett, Johnston & Deason, at which time defendant's counsel stated to them the facts upon which they wanted their opinion on the question of whether, if such compromise was made as outlined in the offer of compromise copied in Finding of Fact No. 1 above, the plaintiff and defendant Potter would be subject to any tax because of such compromise.

"5. After considering the question presented to them the said firm of Bassett, Johnston and Deason stated to

defendant and his counsel that it was their opinion that any such compromise was free from tax liability. It was agreed that a formal opinion would be delivered to defendant to that effect.

"6. Before a formal opinion could be sent to defendant and his counsel by said accountants, the defendant Potter discharged his counsel and accountants, but not until after said informal opinion had been communicated to them.

"7. It was the opinion of the accountants that the compromise agreement as proposed by defendant and accepted by plaintiff was free from tax liability on either the plaintiff or the defendant Potter; and only their discharge prevented them from formally presenting such opinion and approval of said offer of compromise to the defendant and his attorneys.

"8. The plaintiff was ready, able and willing to carry out the terms of this offer of compromise as accepted by her, in all of its details, and is still able, ready and willing to do so.

"9. After defendant Potter entered into said compromise agreement, although accepted in all its terms by plaintiff, he has failed and refused to carry out its terms.

"10. The offer of compromise was made in good faith by the defendant originally and was accepted in good faith by the plaintiff.

"Conclusion of Law

"The Court concludes, as a matter of law, from the facts found by the Court, that the plaintiffs are not entitled to enforce the offer and acceptance of compromise of the said two cases made by the defendants and accepted by the plaintiffs, and judgment thereon will be for the defendants."

Potter thereupon appealed from the judgments entered in the two cases, and Mrs. Bogle appealed from the judgment which was entered on the motion for judgment. As a result, three appeals were filed in this court, being causes numbered 6592, 6593 and 6596.

Potter filed a motion to dismiss the appeal from the judgment denying the motion for judgment (No. 6596), arguing it was not an appealable matter, and after argument we entered the following order:

"Now, therefore, it is by the court ordered, all concurring, That the Motion to Dismiss be and the same is hereby overruled.

"It is further ordered that the appeal in this cause proceed simultaneously with appeals in Cause No. 6592 and

Cause No. 6593; that said three appeals be consolidated for argument and consideration in this Court, the appeal herein being handled and considered as a cross-appeal in said Causes No. 6592 and 6593."

Potter has renewed his motion in his answer brief, but we will abide by our above ruling.

By reason of the facts above related, it is felt that this cross-appeal should first be determined, for the very obvious reason that, should Mrs. Bogle be successful, all of the cases would be disposed of, and there would be no necessity in determining the issues in causes 6592 and 6593, as they would become moot. Contrariwise, if we were to determine that the trial court was correct in its denial of the motion for judgment in this particular case, then it would follow that the other two aforementioned cases would have to be decided.

Unfortunately for the parties, our determination of the instant cause will result in additional delay in the determination of the litigation, for reasons which will appear hereafter.

It is an extremely unusual situation in this particular cross-appeal, because of the fact that Mrs. Bogle is relying upon the findings of fact made by the trial court, arguing therefrom that these facts are binding upon us, if they are based upon substantial evidence, but that the trial court erred in its conclusion. Potter, to the contrary, as appellee in this case, is faced with the anomalous situation of being very dissatisfied with the court's findings, but wishing to sustain the conclusions of law made by the court. Therefore, Potter has made a general attack on all of the court's findings, contending that they are not supported by substantial evidence, or, in some instances, any evidence at all, and, in addition, urging that the court should have made other findings claimed to be borne out by the evidence.

However, the generalized attack on the findings falls far short of the proper method to do so under our rules. Potter failed, under his point attacking the findings, to copy the findings, to set out the substance of all the evidence, or to note the pages of the transcript where such evidence as is mentioned can be found. Section 21-2-1(15), subd. 6, N.M.S.A., 1953 Comp.; Arias v. Springer, 1938, 42 N.M. 350, 78 P.2d 153; Wells v. Gulf Refining Co., 1938, 42 N.M. 378, 79 P.2d 921; Sundt v. Tobin Quarries, 1946, 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586; Padilla v. Northcutt, 1953, 57 N.M. 521, 260 P.2d 709. We consider the facts as found, being supported by substantial, although admittedly somewhat conflicting, evidence, as those upon which this particular appeal rests.

We must then consider rule 41(b) (§ 21–1–1(41) (b), N.M.S.A., 1953 Comp.), which both parties contend, according to their briefs, applies to these facts. Although we, ourselves, have some doubt as to whether rule 41(b) is applicable to the proceedings with respect to the motion, we, in this instance, will consider it as covering this situation. The rule is as follows:

"(b) Involuntary Dismissal—Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal upon the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Mrs. Bogle strongly urges that Potter not having properly attacked, under our rules of appellate procedure, the findings of the lower court, we should reverse and direct the entry of judgment in her favor. Potter, on the other hand, although not admitting that he has not properly attacked the findings of the trial court, says that, even if the findings are the correct ones, then all the court may do under the above rule is reverse and remand to the trial court for further proceedings, so that Potter can put on whatever testimony he desires.

To sustain Mrs. Bogle's contention would practically eliminate, as a procedural tool, the motion to dismiss at the close of the plaintiff's case in non-jury trials. Few attorneys would be willing to take a chance on the possibility of a reversal if they realized that by successfully urging such a motion before the trial court they would waive the right to present testimony. If the trial judge denies the motion or reserves his ruling, then the defendant proceeds with the production of whatever proof he desires. There is no reason why the rule should be different when an appellate court makes its determination that the original ruling of the trial court was erroneous, i. e., that he

should have denied the motion rather than sustaining it.

We are cited no case in which the result sought by Mrs. Bogle was allowed. Actually, there are a few cases which have determined the point; however, 5 Moore's Federal Practice, 2d Ed., 1042, succinctly states the rule:

> "If a dismissal made under this rule on defendant's motion is reversed on appeal·the appellate court will remand a non-jury case to the district court for further proceedings and the defendant may then present any evidence he may have * * *."

The Supreme Court of the United States, in United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L. Ed. 746; and 340 U.S. 76, 71 S.Ct. 160, 95 L.Ed. 89, 99 (subsequent appeal), approved· this procedure. Perhaps the closest case on the point is Criscuolo v. United States, 7 Cir., 1957, 250 F.2d 388, which was the second appeal from the trial court's action in sustaining a motion tó dismiss. There, the Circuit Court of Appeals specifically concluded that the movant had not waived her right to present evidence, even though the motion to dismiss was made under rule 41(b). Compare, Roebling v. Anderson, 1958, 103 U.S.App.D.C. 237, 257 F.2d 615; and Borgen v. Richfield Oil Corp., 9 Cir., 1958, 257 F.2d 505.

■ The rule provides that the court may determine the facts, thus it must weigh the evidence. Here this was done, but the facts as found were favorable to Mrs. Bogle, whereas the court apparently determined as a matter of the law the settlement could not be enforced. That such a conclusion could flow from the facts as found we are unable to agree, because it is the policy of the law to favor compromise and settlement. Frazier v. Ray, 1923, 29 N.M. 121, 219 P. 492; Nixon-Foster Service Co. v. Morrow, 1936, 41 N.M. 67, 64 P.2d 92; 11 Am.Jur. 257, Compromise and Settlement, § 10.

■ It would seem to us that, in the absence of some finding by the trial court either that the parties did not intend a binding contract, both final and conclusive, or that the condition precedent was either not satisfied or prevented of satisfaction by Potter, the conclusion as made was directly contrary to the facts as found. Such being the case, the determination and the rendition of judgment against the plaintiff was erroneous, and the proper procedure would' have been for the court to decline to render any judgment until the close of all the evidence in accordance with rule 41(b), supra. Criscuolo v. United States, supra.

It is to be regretted that there will be delay before the main controversy can be determined, but this matter must be resubmitted to the trial court. There is an

additional difficulty that the trial judge is no longer on the bench, and it will be necessary to have another judge hear the motion from its inception.

This being true, it is our considered judgment that the case must be remanded to the trial court, with instructions to vacate the order denying the motion for judgment, setting aside its findings of fact and conclusion of law and the judgment flowing therefrom, to reset the case for a new hearing, at which time Mrs. Bogle may submit whatever testimony she desires in support of her motion, and Potter, if he wishes, shall have the opportunity to controvert any evidence that may be offered. The court shall thereafter render its decision without being bound by the present findings and conclusion and based only upon the evidence offered at the new hearing, without regard to that which was submitted at the original hearing, unless the same be offered and received in evidence in conformity to our rules relating to testimony received in a prior hearing. During the intervening period, a determination of causes numbered 6592 and 6593 on the docket of this court will be held in abeyance.

It is so ordered.

COMPTON, C. J., and CHAVEZ and MOISE, JJ., concur.

NOBLE, J., not participating.