408 P.2d 508

James L. WOODS, Plaintiff-Appellee,

v.

CITY OF HOBBS and Pacific Employers Insurance Company, Defendants-Appellants.

No. 7714.

Supreme Court of New Mexico.

Dec. 6, 1965.

L. George Schubert, Hobbs, for appellants.

Williams, Johnson & Houston, Hobbs, for appellee.

NOBLE, Justice.

Despite the fact that seven points are asserted as error, this appeal turns upon the validity of a written release executed by the plaintiff to his employer and its insurance carrier releasing them from all liability for workmen's compensation benefits in consideration of the payment to him of $5,000.00 and certain medical and hospital payments.

James L. Woods, an employee of the City of Hobbs, sustained an accidental injury on September 12, 1962, arising out of and in the course of his employment. He continued to work and to draw his wages of $86.00 per week until June 5, 1963, when he executed a full release to the city and

its insurance carrier of any other or further liability for workmen's compensation benefits. Woods now seeks to avoid that release.

We said in Mendenhall v. Vandeventer, 61 N.M. 277, 299 P.2d 457, that where the parties in an action for personal injuries have contracted with reference to future possibilities of disability, a release not procured by fraud, undue influence, misrepresentation or coercion cannot be avoided on the ground of mistake merely because the injuries prove more serious than the releasor believed them to be when the release was executed. That doctrine was extended to claims for workmen's compensation benefits by Thomas v. Barber's Super Markets, Inc., 74 N.M. 720, 398 P.2d 51. In the instant case, however, the trial court found:

"* * * that in addition to the payment of $5,000.00 the defendants further induced the plaintiff to accept the payment and execute the release by leading him to believe he would be permitted to retain his employment with defendant City of Hobbs, [;] that he was discharged and removed from the defendant's payroll immediately after signing the release."

Even though this finding that the release was secured by misrepresentation is not attacked in a specific point, we think it is apparent that the thrust of the appellants' attack is necessarily directed to it.

The city points to the record of a conversation between the adjuster for the city's insurance carrier and the plaintiff, in which the adjuster pointed out the medical report giving the doctor's estimate of plaintiff's permanent disability; the offer of settlement for $5,000.00; the fact that the extent of his injury was disputed and his future disability uncertain; that he might receive a larger award by litigation; and that if he signed the release he would not be entitled to either additional medical treatment or compensation payments. In addition, the plaintiff testified that his disability at the time of trial was greater than at the time of settlement. However, it is apparent to us that plaintiff's real complaint is that he was induced to execute the release and accept the sum of $5,000.00 in full settlement in reliance upon a promise by one M. H. Alexander, Hobbs Water Superintendent and plaintiff's immediate superior, that if he accepted the offered settlement, he could retain his job with the city.

Although the record of the interview between the city's adjuster and plaintiff discloses no fraud, coercion, undue influence, or misrepresentation, there is testimony, conflicting it is true, that Alexander did tell plaintiff that he could retain his job if he made the proposed settlement. The court's finding, therefore, has substantial support in the evidence, and we are accordingly bound by it, even

though we might have reached a different conclusion if we had been the trier of the facts. The rule that an appellate court may not weigh the evidence is so firmly established as to need no citation of authority.

This is not a case of mistake merely because the injuries later proved to be more serious than when the settlement was effected. Rather, here the release and settlement was procured by undue influence and misrepresentation relied upon by the releasor. It is well settled that a release of a claim for personal injuries may be avoided if it is executed in reliance on misrepresentations amounting to fraud on the part of the releasee. If the release is obtained by fraud, its terms fall with it. See Anno. 48 A.L.R. 1464, 1489. In other words, where the release is procured by reliance upon misrepresentation amounting to fraud, the settlement cannot be sustained on the theory that it was intended to compromise a doubtful or disputed claim. We perceive no difference because this claim is for workmen's compensation. The trial court's finding that the release was executed in reliance upon a misrepresentation by the city, being substantially supported by the evidence, is binding on us. Under such circumstances, it is immaterial that the record discloses no misrepresentation or fraud by the insurance carrier's adjuster.

It is argued that plaintiff cannot now avoid the effect of the release or compromise of his claim because he has not returned or tendered the consideration paid for the release. It is true that ordinarily a tender or offer to return the consideration paid must be made before a recission of a contract can be accomplished, Karn v. Pidcock, 225 Or. 406, 357 P.2d 509, but the rule is not inflexible, and such tender or restoration will not be required where it clearly appears that the equities between the parties can be fully adjusted in the final decree. Carruth v. Fritch, 36 Cal.2d 426, 224 P.2d 702, 24 A.L.R.2d 1403; Langdon v. Loup River Public Power Dist., 139 Neb. 296, 297 N.W. 557. See Pacific Greyhound Lines v. Zane, 160 F.2d 731 (9th Cir. 1947). We think the better rule is that recission or cancellation will not preclude relief for failure to return the consideration where it is only money paid, the amount of which can be credited in partial cancellation of the injured party's claim. Restatement, Contracts, § 480; 2 Pomeroy, Equity Jurisprudence, (5th Ed.), p. 82. Here the employer was given credit by the judgment for the consideration paid for the release. Under those facts, no equitable reason exists to require the plaintiff to do more than has been done. We see no prejudice to the substantial rights of the defendants.

The claimant is awarded $750.00 for attorneys fees on this appeal.

It follows that the judgment appealed from should be affirmed and it is so ordered.

· CHAVEZ and COMPTON, JJ.; concur.