215 So.2d 340 (1968)
Bobby Eldridge SWILLEY, Appellant,
v.
James Elbert LONG, Jr., Appellee.
No. K-53.
District Court of Appeal of Florida. First District.
November 7, 1968.
William B. Dawson, II, and George A. Pierce, Jacksonville, for appellant.
J. Richard Moore, of Mathews, Osborne & Ehrlich, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Plaintiff in a personal injury action growing out of a rear-end vehicular collision appeals a summary final judgment rendered in favor of defendant. There is no dispute as to the facts, the issue involved being solely one of law.
Plaintiff stopped his truck at a street intersection in Jacksonville and while in this position was struck from the rear by an automobile operated by defendant. Plaintiff immediately began to experience pain in his low back and legs. After the pain persisted for about a week, plaintiff was advised by defendant's insurance adjuster to contact his family doctor for an examination.
After relating the history of his case plaintiff was examined by his doctor and X rays of his back were taken by a radiologist. The X rays failed to disclose any injury to plaintiff's back or signs of demonstrable bony damage, and his doctor reported that plaintiff's injury consisted only of a contusion and sprain of the lower back. The doctor made a prognosis that the pain experienced by plaintiff would continue for another ten days. Plaintiff reported the result of his medical examination to defendant's insurance adjuster and they then negotiated a settlement of the damages suffered by plaintiff. The amount agreed upon in the settlement included the medical expenses incurred together with a stipulated amount for pain and suffering. Based upon such agreement, a general release of all claims by plaintiff against defendant was prepared and executed. The check issued in payment of the amount agreed upon for the release was accepted by plaintiff and negotiated.
Plaintiff continued to experience pain in his back and legs and shortly after executing *341 the release he consulted another doctor whose further examination revealed a herniated disc at the fifth lumbar interspace in the lower back. Plaintiff underwent a laminectomy to correct the disc condition and thereafter brought this suit to recover the damages resulting from the discovery of the herniated disc and the operation made necessary thereby.
To the complaint filed by plaintiff, defendant pleaded several defenses including one of general release. Depositions of plaintiff and the several doctors were taken, following which motions for summary judgment were filed by each of the parties. The trial court found as a matter of law that the general release executed by plaintiff covered all damages he suffered as a consequence of the injury arising out of the rear-end collision between the vehicles operated by the parties, and based upon such conclusion rendered in favor of defendant the summary judgment appealed herein.
It is appellant's position that the undisputed facts in the record reveal that there existed a mutual mistake of fact as to the injury suffered by him, as a result of which the settlement agreement reached by the parties was void and the release executed in pursuance of the agreement was not sufficient to bar plaintiff's claim for further relief. In support of his position appellant relies upon the cases of Boole v. Florida Power & Light Co.[1] and Ormsby v. Ginolfi.[2]
In the Boole case the vehicle in which plaintiff's decedent was riding was struck by a vehicle negligently operated by defendant. X rays of the decedent were negative and both parties were of the opinion that the injuries, if any, suffered by the decedent were trivial and of no consequence. Because of this mutual understanding plaintiff signed a general release of all claims against defendant based upon a settlement for an amount sufficient only to defray the decedent's minor medical expenses. The serious internal injuries suffered by the decedent and initially unknown to the parties manifested themselves at a later date and resulted in his death. The court held that both parties were ignorant of the existence of the serious internal injuries suffered by the decedent, which lack of knowledge created a mutual mistake of a past and present existing fact material to and which induced the contract of settlement. Because of this mutual mistake of fact as to the existence of an injury, the court held the general release executed by the decedent to be an insufficient bar to the plaintiff's right to damages resulting from the decedent's death arising out of defendant's negligent operation of its vehicle.
An almost identical situation was present in the Ormsby case, supra. There, too, both parties were laboring under the mistaken belief that plaintiff suffered no personal injuries and the settlement agreement reached by them was for an amount sufficient only to defray the cost of repairing her vehicle damaged in the collision. The serious personal injuries suffered by plaintiff did not manifest themselves until a later date. In that case the court found that the settlement agreement was void because of a mutual mistake of a present and existing fact as to the existence of an injury, and the release was not sufficient to bar plaintiff's right to recovery.
In both the Boole and Ormsby cases the mutual mistake related to the fact of plaintiff's injury, and not to the consequences of a known injury. In neither case did the parties know or have reason to suspect at the time the releases were executed that each plaintiff had suffered serious injuries.
In the case sub judice it was known to both parties that plaintiff suffered an injury to his lower back which resulted in pain to both his back and legs. The settlement agreement reached by the parties included an allowance both for medical expenses *342 and pain and suffering experienced by plaintiff as a result of his injury. Neither party knew nor had reason to believe that the consequences of the known injury were more serious than those discovered and reported by plaintiff's doctors. The injured disc condition was not discovered until later by another doctor, but this is only an additional consequence of the known injury and not a mistake as to the existence of the injury itself. It is our view, therefore, that the law applicable to the facts present in this case is that pronounced by the Supreme Court in DeWitt v. Miami Transit Company,[3] and by the Second District Court of Appeal in Stiff v. Newman.[4]
In DeWitt the injuries suffered by plaintiff as a result of defendant's negligence was known to both of the parties, and a settlement was reached on the basis of the known injury. In refusing to set aside and hold invalid the release executed by plaintiff in pursuance of the settlement agreement reached by the parties on plaintiff's contention of mutual mistake because the injuries were later discovered to be more serious than originally thought, the Supreme Court said:
"While a release executed pursuant to a mistake as to a past or present fact may on proper showing be set aside, unknown or unexpected consequences of known injuries will not result in invalidating the release. An erroneous opinion or error of judgment respecting future conditions as a result of presently known facts will not justify setting the release aside. If the rule were otherwise no release could be safely accepted in personal injury matters. The end result would be that all such claims would be forced into litigation. Such a conclusion would be directly contrary to the policy of the law favoring amicable settlement of disputes and the avoidance of litigation."
In the Stiff case, under comparable facts, the Second District Court of Appeal, speaking through Judge White, said:
"* * * The plaintiffs in effect made an improvident guess as to the future consequences of presently known injuries, or simply gave no thought to future possibilities. Such mistake, under the circumstances, was not a mistake remediable at law or in equity.
"Liability for delayed or after-discovered effects of presently known injuries resulting from the negligence of another may be validly released by the injured party, and it is generally held that mutual mistake is not a ground for relief therefrom unless it is shown to be a material mistake as to a past or present fact. The weight of authority supports the doctrine that a release of a claim for personal injuries can not be voided merely because the injuries have proved more serious than the releasor, at the time of executing the release, believed them to be. 17 C.J.S. Contracts § 144; 12 Am.Jur., Contracts, § 127; 76 C.J.S. Release, § 25; 117 A.L.R. 1022, 1024(b), Annotation."
For the reasons and upon the authorities cited, the judgment appealed herein is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Boole v. Florida Power & Light Co., (1941) 147 Fla. 589, 3 So.2d 335.
[2] Ormsby v. Ginolfi (Fla.App. 1959), 107 So.2d 272.
[3] DeWitt v. Miami Transit Company (Fla. 1957), 95 So.2d 898, 901.
[4] Stiff v. Newman (Fla.App. 1961), 134 So.2d 260, 262.