513 P.2d 1269

Patricio B. ESQUIBEL, Plaintiff-Appellant,

v.

BROWN CONSTRUCTION COMPANY, INC., and Mountain States Mutual Casualty Company, Defendants-Appellees.

No. 1177.

Court of Appeals of New Mexico.

July 18, 1973.

Certiorari Denied Aug. 16, 1973.

Quincy D. Adams, Adams & Foley, Albuquerque, for plaintiff-appellant.

James A. Parker, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

OPINION

WOOD, Chief Judge.

The appeal is concerned with plaintiff's effort to set aside a settlement of his

workmen's compensation claim. Plaintiff claims: (1) the settlement was entered by mistake and (2) the settlement had not been completed.

Plaintiff received a compensable injury. Temporary total compensation benefits and medical benefits were paid. The compensation benefits were subsequently reduced in amount on the basis of a medical report. Plaintiff sued, claiming he was totally and permanently disabled. Defendants' answer denied the claim of disability and affirmatively alleged that plaintiff's compensation benefits were limited to those payable for a scheduled injury [See § 59–10–18.4, N. M.S.A. 1953 (Repl.Vol. 9, pt. 1, Supp. 1971)], and that scheduled injury benefits had been tendered to plaintiff.

Trial was scheduled beginning at 1:30 p. m. on October 27, 1972. Before any testimony was taken, the parties began negotiating for a settlement. At 2:45 p. m. on October 27, 1972, the trial court was informed that settlement had been reached. Plaintiff testified as to the terms of the settlement; that the settlement had been explained to him; and that he was satisfied with it. The court announced: "* * * The settlement will be approved." "Prepare the papers and I'll sign them."

On November 2, 1972, before the "settlement papers" had been signed, plaintiff moved that the "* * * settlement heretofore agreed upon * * * be set aside. * * *" Plaintiff filed affidavits in support of the motion; defendants filed an opposing affidavit. The motion to set aside the settlement was denied. A judgment was entered on the basis of the settlement. This judgment recites that payment of the judgment (for the amount of the settlement) "* * * shall constitute full, final and complete disposition * * *" of plaintiff's workmen compensation claim. Plaintiff appeals.

*Mistake.*

This Court decided Witcher v. Capitan Drilling Company, 84 N.M. 369, 503 P.2d 652 (Ct.App.1972), on October 20, 1972.

Its first publication was in the New Mexico State Bar Bulletin of October 26, 1972. Plaintiff's counsel states, without contradiction, that he did not become aware of the *Witcher* decision until the afternoon of October 27, 1972, "* * * after the alleged settlement agreement had been entered into. * * *" Plaintiff's counsel asserts he was not negligent in failing to be informed of the *Witcher* decision at an earlier point in time. This assertion is also uncontradicted.

Plaintiff's motion to set aside the settlement agreement asserts the *Witcher* decision changed prior law "* * * that even where a scheduled injury results in total disability to a workman, the workman is limited to the compensation set out in the statute for the scheduled injury *unless* the workman has some bodily impairment distinct from the scheduled injuries. * * *" While we do not necessarily agree that *Witcher* changed prior law, in candor we recognize *Witcher* could be so viewed. Regardless, defendants do not object to plaintiff's characterization of *Witcher* as a change in law and, for purposes of this opinion, we also consider that decision as a change in the law.

Plaintiff's motion asserts that if the *Witcher* decision "* * * remains the law * * * then plaintiff's case has a greater settlement value than it otherwise would have, and if plaintiff's attorney had been aware of this decision at the time the settlement agreement was entered into in this case he would not have advised the plaintiff to agree to such settlement." The motion also asserts: "* * * While there will be a dispute of fact between the plaintiff and the defendants as to the extent and nature of plaintiff's disability, plaintiff's burden of proving total and permanent disability which he claims, will be much easier if Witcher v. Capitan Drilling Co. remains the law than if it does not." The New Mexico Supreme Court issued a writ of certiorari in *Witcher* but, on May 2, 1973, quashed its writ on the basis it had been improvidently issued.

Plaintiff claims the trial court erred in refusing to set aside the settlement because it was entered under a mutual mistake of fact or law.

The mistake alleged is ignorance of a change in the law. The claim is that the law had changed; that this change resulted in the case having a greater settlement value; that if plaintiff had been aware of the change in the law he would not have agreed to settle. This is a mistake of law. See Wooley v. Shell Petroleum Corp., 39 N.M. 256, 45 P.2d 927 (1935); McGill v. Bison Fast Freight, 245 N.C. 469, 96 S.E. 2d 438 (1957).

The trial court found that neither party was aware of the change in the law. The finding is not challenged. Thus, the mistake of law was mutual.

The question is whether the trial court erred in refusing to set aside a settlement agreement because of a mutual mistake of law, that mistake being ignorance of a change in the law.

Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 112 P.2d 515 (1941) states:

"It is not a proper function of the courts to relieve either party to a contract from its binding effect where it has been entered into without fraud or imposition and is not due to a mistake against which equity will afford relief. It is not enough that in the light of subsequent events the agreement of settlement proves to have been unwise or unfortunate." (Citations omitted).

See Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339 (1963).

Here, there is neither claim of fraud nor of imposition. Under *Tocci,* supra, the issue is whether ignorance of the law is a mistake against which equity will afford relief. Compare Marrujo v. Chavez, 77 N.M. 595, 426 P.2d 199 (1967).

The so-called general rule is stated in Allen v. Town of Plymouth, 313 Mass. 356, 47 N.E.2d 284 (1943):

"It is a general rule of law that relief is not granted for a mere mistake of law

where a person is either ignorant of the law or mistaken as to what it prescribes. * * *"

13 Williston on Contracts, § 1581 (3d Ed., Jaeger 1970) criticizes this general rule and states that the injustice of some of the results produced by its application has led to an increasing number of exceptions, with the result it is difficult to determine in what cases it may still be applicable.

However, where the mistake is a matter of law antecedent to the bargain, Williston, supra, § 1588 states:

"There may be a general law affecting the subject matter of the contract, of which the parties are ignorant or which they misunderstand. In this case there is a mistake of law in the inducement to the contract rather than in the writing of it; and generally if the only mistake of the parties related to some matter, either of fact or law in the situation of affairs prior to the execution of the writing in question, making it desirable or undesirable to enter into a written contract or conveyance, there can generally be no question of reformation.

"* * *

"* * * Rescission for mistake of law is also commonly denied where the basis of the bargain was the settlement of a disputed claim."

Williston, supra, § 1589 states:

"An exception has been made to the rule denying relief for mistake of the law governing a situation prior to the bargain, where the mistake relates to the private rights of the parties as distinguished from a mistake as to the general law. * * *"

■ This exception is not applicable in this case because the mistake here was a mistake of the general law; the mistake was as to the compensation recoverable for total disability where the injury was a scheduled injury. Thus, the applicable rule is that rescission is denied for a mistake of law where the basis of the bargain was the settlement of a disputed claim.

■ The rule stated in Williston, supra, § 1588 accords with New Mexico law. It is the policy of the law to favor compromise and settlement. Bogle v. Potter, 68 N.M. 239, 360 P.2d 650 (1961). In a "mistake of law" case, Wooley v. Shell Petroleum Corp., supra, it is stated:

"* * * We find nothing to avoid the operation of the general rule, based on important considerations of public policy, that equity will support a compromise though based upon a mistake of law. * * *"

Although the compromise in this case (the settlement) was based on a mistake of law, it is not a matter against which equity will afford relief; rather, equity supports the compromise. See *Tocci*, supra, and *Wooley*, supra.

■ We hold that where a compromise has been reached without fraud or imposition, a party may not have that compromise set aside on the basis that he was ignorant of an antecedent change in the general law which affects the matter which has been compromised. 3 Corbin on Contracts, § 620 (Rev.Ed.1960). Reaching this result as a matter of law, we need not consider findings of fact, made or refused. There was no error in refusing to set aside the settlement agreement.

*Whether settlement completed.*

■ Plaintiff asserts he had a right to withdraw from the settlement because it had not been completed by the signing of settlement papers and the acceptance of money at the time plaintiff's motion was filed. He cites law to the effect that where the parties contemplate that the compromise agreement will not be binding until committed to writing and signed, either party may repudiate the agreement before the written agreement is signed. He contends this rule is applicable in this case. We disagree.

The record of the "settlement proceedings" before the trial court shows a settlement had been reached, shows the details of the settlement and the trial court's approval of that settlement. The record shows the parties contemplated putting the terms of the settlement in a written agreement to be signed by the parties, but there is nothing showing the settlement was not to be effective until this was done. "An oral stipulation for the compromise and settlement of claims growing out of personal injuries made in open court in the presence of the parties and preserved in the record of the court is as binding as a written agreement. * * *" Croker v. Consolidated Service Car Company, 365 S. W.2d 524 (Mo.1963); see Bohlman v. Big River Oil Company, 124 N.W.2d 835 (N. D.1963). Plaintiff's claim that the settlement was not effective until placed in writing and signed is without merit. Compare Bogle v. Potter, 72 N.M. 99, 380 P.2d 839 (1963).

Plaintiff also relies on § 59–10–23(C), N.M.S.A. 1953 (Repl.Vol. 9, pt. 1) which states:

"In all cases where the jurisdiction of the court is invoked to approve a settlement of a compensation claim * * * and the claimant is represented by an attorney, the total amount paid or to be paid by the employer in settlement of the claim shall be stated in the settlement papers and the court shall determine and fix a reasonable fee for claimant's attorney, taking into account any sum or sums previously paid and the fee so fixed by the court shall be taxed as a part of the costs of such proceeding against the employer and shall be the limit of the fee received or to be received by said attorney in connection with the claim."

Because § 59–10–23(C), supra, refers to "settlement papers," plaintiff asserts the statute " * * * contemplates that in some manner or other the settlement agreed upon and which the court is asked to approve shall be reduced to writing. * * *" Assuming plaintiff's characterization of § 59–10–23(C), supra, is correct, see Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273 (1943), it does not aid plaintiff.

The issue is not whether settlement agreements must be reduced to writing; the issue is whether the agreement is binding on the parties before being reduced to writing. Section 59–10–23(C), supra, does not state that a settlement agreed to by the parties and approved by the court is not binding on the parties until reduced to writing. Section 59–10–23(C), supra, is silent on that question.

We hold the settlement agreed to by the parties and approved by the court was binding on the parties; the fact that the agreement had not been reduced to writing and signed before plaintiff filed his motion did not give plaintiff the right to withdraw from the agreement.

The judgment is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.