WIGGINTON, Judge.
Plaintiff has appealed a final judgment rendered following a trial by the court without a jury on the issue of whether a release executed by her was valid and binding in all respects. It is the position of plaintiff that the release was executed as a result of a mutual mistake of fact as to the injuries suffered by her, as a result of which the settlement agreement reached by the parties was void and the release not legally sufficient to bar her claim for further relief.
From the evidence adduced at the trial, the court could reasonably have found the following facts to exist. Plaintiff was the victim of a rear-end vehicular collision. She drove to the hospital where she was examined in the emergency room. From the deposition given by her and introduced in evidence it appears that at that time she felt like there was a knife or something real hot jolted at the back of her, going straight up to the top of her head and vibrating; that her left arm and leg were numb with a “numby” feeling; that her shoulder also had pain going right through it and she was sick to her stomach. The examining physician testified that at that time he was of the opinion that appellant had sustained a whiplash injury and was reasonably certain that he advised appellant of this diagnosis. A few days later she was hurting all over, having headaches and pain in the back of her neck, shoulder, and arm. She was also experiencing dizziness and nausea. In fairness it must be said that the testimony given by plaintiff on her deposition was somewhat at variance with the testimony she gave at trial before the court. Within ten days after the accident plaintiff’s pain had subsided and she was feeling normal again. At that point she was tendered by defendants and executed a complete release for which she accepted the sum of $168.50 representing property damage to her vehicle and $34.00 in payment of the medical expenses incurred by her.
Almost immediately after executing the release in question, plaintiff began to experience pain in her shoulder and arm. She sought and received medical attention from her family physician who, after examining her, concluded that she was suffering from bursitis in her shoulder and gas on her stomach. It was not until after several more treatments by her family physician that she informed him that she had been in an automobile accident, as a result of which she had sustained injuries. She was then referred by her family physician to a neurologist who made another examination and finally concluded that the pain she was suffering in her neck immediately follow *498 ing the accident resulted from a strain which cleared up shortly thereafter and that she felt no pain of any kind at the time she executed the release here assaulted. This specialist expressed the opinion, however, that at that time she was suffering from a nerve root injury which was unknown to her and which did not manifest itself until after the release was executed. It was his opinion that such nerve root injury was the cause of the subsequent pain she suffered in .her shoulder, arm, and neck. At the trial appellant testified that only her neck pained her following the accident, which pain was completely alleviated and she felt no further effects from the accident at the time she executed the release. She testified that it was not until later that the new symptoms manifested themselves and that she was now experiencing much pain and suffering.
The facts in this case are strikingly similar to those in the case of Swilley v. Long[1] heretofore considered and decided by this court. In that case the plaintiff had likewise suffered personal injuries growing out of a rear-end vehicular collision which caused him to experience pain in his lower back and legs. X rays taken of his back failed to disclose any injury or signs of bone damage. His doctor diagnosed his condition as one of contusion and sprain of the lower back. His prognosis was that the pain which he experienced would continue not longer than another ten days. At that point plaintiff entered into a settlement agreement with defendant’s insurance carrier and executed a complete release upon payment which included his medical expenses and a nominal amount for pain and suffering. It was not until after the release was executed that plaintiff commenced to experience pain in his back and legs, and upon further examination it was found that he had suffered a herniated disc in the fifth lumbar interspace of his lower back. It was necessary for plaintiff to have an operation in order to correct the injury found to exist. He then brought an action for damages against defendant tortfeasor and sought to have the release executed by him set aside on the ground that it was a result of a mutual mistake of fact. He contended that at the time he 'signed it he was not aware of the fact that he had also suffered a herniated disc, which condition did not manifest itself until after the release was signed by him. On appeal, this court affirmed the trial court’s summary judgment rendered in favor of the defendant which found that the release was valid and binding on plaintiff and therefore barred any right to further recovery.
In Swilley we pointed out the established law of this state which holds to the proposition that before a release from liability for personal injuries may be set aside on the ground of mutual mistake, the mistake must relate to the fact of plaintiff’s injury and not the consequences of a known injury. We distinguished Swilley from the prior cases of Boole v. Florida Power & Light Co.[2] and Ormsby v. Ginolfi.[3] In both the Boole and Ormsby cases neither the plaintiff nor the defendant was aware that plaintiff had suffered any injury as the result of the accident in which he was involved. Since the injuries manifested themselves only after the releases had been executed, it was held that the releases should be voided and set aside because of a mutual mistake of fact. In Swilley, we found from the evidence that the injured plaintiff was fully aware of the fact that he had received an injury as a result of the vehicular collision and had suffered intense pain in his lower back where the herniated disc was later discovered to exist. We held that the ruptured disc which was later discovered upon further examination of plaintiff was only an *499 additional consequence of the known injury and not a mistake as to the existence of the injury itself. This holding was consistent with the prior holding of our Supreme Court in the case of DeWitt v. Miami Transit Company[4] and by the Second District Court of Appeal in Stiff v. Newman.[5]
In the case sub judice the evidence is susceptible of the conclusion apparently reached by the trial court that plaintiff was well aware of the injury which she had suffered as a result of the rear-end collision caused by the negligence of defendant. Immediately following the collision and while being examined in the emergency room of the hospital, appellant experienced pain not only in her neck but in her shoulder, arm, and leg. Such pain in the mentioned regions of appellant’s body persisted over a period of several days before subsiding. The nerve root injury which was not discovered until the later examination by appellant’s neurologist existed, if at all, at the time appellant executed the release in question and was merely the consequence of a known injury even though such consequence was unknown to appellant at the time. It was this nerve root injury which the neurologist stated was causing appellant’s pain in the area of her shoulder, arm, and leg. Under these circumstances it cannot be held that the release in question was executed as a result of a mutual mistake of fact. It appears that the plaintiff in the case sub judice acted in a manner similar to that of the plaintiff in the case of Stiff v. Newman, supra, whose conduct was characterized by Judge White when he said:
. . The plaintiffs in effect made an improvident guess as to the future consequences of presently known injuries, or simply gave no thought to future possibilities. Such mistake, under the circumstances, was not a mistake remediable at law or in equity.”
It is our conclusion and we so hold that the trial court correctly found under the facts of this case that the release challenged by appellant was validly executed and is a bar to further relief. The judgment appealed is accordingly affirmed.
RAWLS, C. J., and JOHNSON, J., concur.

. Swilley v. Long, (Fla.App.1968) 215 So.2d 340.

. Boole v. Florida Power & Light Co., (1941) 147 Fla. 589, 3 So.2d 335.

. Ormsby v. Ginolfi, (Fla.App.1959) 107 So.2d 272.

. DeWitt v. Miami Transit Company, (Fla.1957) 95 So.2d 898.

. Stiff v. Newman, (Fla.App.1961) 134 So.2d 260, 262.