604 P.2d 1240

**Grace M. JONES, Plaintiff-Appellant,**

v.

**UNITED MINERALS CORPORATION, a New Mexico Corporation, formerly Dotson Minerals Corporation (NSL), a New Mexico Corporation, Defendant-Appellee.**

No. 12445.

Supreme Court of New Mexico.

Dec. 26, 1979.

Thomas F. McKenna, Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Leland S. Sedberry, Jr., Mark B. Thompson, III, Albuquerque, for defendant-appellee.

## OPINION

FEDERICI, Justice.

The questions for determination in this case are whether or not there is substantial evidence to support the judgment of the district court that: (1) a binding settlement agreement amending the mining lease of October 9, 1968 was entered into by the parties; (2) the settlement agreement was invalid by reason of fraud or mistake; and (3) the lease of October 9, 1968 did not expire by its terms, but rather was continued pursuant to the settlement agreement.

Appellant Jones entered into a ten year mining lease with appellee United Minerals

on October 9, 1968. In 1978, Jones filed a complaint to quiet her title for the purpose of cancelling the lease. While the action was pending the parties entered into settlement negotiations. A series of four letters was exchanged, consisting of: (1) an offer of settlement by appellee on October 20, 1978; (2) an acceptance of that offer by appellant on October 24, 1978, subject to the approval of the attorney in fact for appellant; (3) notice to appellee on October 30, 1978 that the attorney in fact for appellant had agreed to settlement; and (4) notice to counsel for appellee on November 20, 1978, that appellant would not go forward with the settlement due to the alleged discovery of gold-bearing minerals in a area near, but not on, the subject property.

Pursuant to the foregoing correspondence, appellee filed a motion to confirm the settlement agreement. After a hearing the trial court confirmed the agreement and held that it was binding upon the parties and enforceable. This appeal followed. We affirm.

Appellant urges that no firm enforceable settlement agreement was reached because the settlement negotiations called for a novation and a rental payment, neither of which condition was met.

Appellant next urges that, assuming an enforceable agreement was reached, sufficient cause was shown to set it aside, based upon fraud or mistake. In support of this, appellant urges that absent a showing of prejudice or detriment to appellee, the settlement may be set aside.

Appellant also contends that the order entered by the trial court amounted to entry of summary judgment against her and that such action was not appropriate since there is a dispute as to the facts. Appellant lastly urges that despite the settlement negotiations, the mining lease had expired by its own terms.

Appellee contends that there was substantial evidence to support the trial court's determination that a binding settlement agreement had been entered into by the parties; that there was substantial evidence to support the district court's refusal to set aside the agreement on the grounds of fraud or mistake; and that a full hearing was had on appellant's motion and that judgment was properly entered after that hearing. Appellee also maintains that if appellant was going to take the position that the lease had terminated, then she had an obligation to advise appellee that the offer could not be accepted and file a motion to dismiss pursuant to N.M.R.Civ.P. 41, N.M.S.A.1978.

The district court's determination that the parties had entered into a binding compromise and settlement is contained in its Findings of Fact Nos. 3, 4, 5, and 9. These facts established that the parties had confirmed the settlement reached by their attorneys; that appellee would continue on the property after the termination date of October 9, 1978, but only if appellee paid a rental substantially in excess of the amount called for in the lease; and, that appellee would have an option to purchase the property.

■ The offer of compromise and its acceptance through letters by counsel for the respective parties constituted a contract of settlement which is enforceable through judicial proceedings, and the repudiation by appellant does not release her from its enforcement under the facts in this case. *Marrujo v. Chavez*, 77 N.M. 595, 426 P.2d 199 (1967); *Bogle v. Potter*, 72 N.M. 99, 380 P.2d 839 (1963); *Bogle v. Potter*, 68 N.M. 239, 360 P.2d 650 (1961); *Esquibel v. Brown Construction Company, Inc.*, 85 N.M. 487, 513 P.2d 1269 (Ct.App.1973). *See also Augustus v. John Williams & Assoc., Inc.*, 92 N.M. 437, 589 P.2d 1028 (1979).

■ On the issue of fraud the trial court found that there was no fraud or misrepresentation. The testimony of appellee's witnesses was that they had no knowledge concerning any valuable discovery of minerals in the area of the property leased from appellant. One of appellee's witnesses acknowledged that there had been rumors of discovery and even some newspaper accounts to that effect, and that mining crews had been seen going to and from the

mine on adjacent property. Appellant introduced no evidence concerning knowledge in the appellee of any valuable discovery of minerals on the property which was the subject of the lease and of the compromise settlement. Nor did appellant show any relationship between any alleged discovery on adjoining property and the property in question. Further, appellant did not show that if a discovery had in fact been made on adjoining property, that it would affect the geological knowledge held by appellee and constitute the withholding of pertinent information from appellant. Also, the record does not disclose sufficient facts to show that appellant could have been unilaterally mistaken concerning the proposed settlement agreement at the time it was entered into. There is substantial evidence in the record to support the trial court's finding that there was no fraud, misrepresentation or mistake.

In regard to the issue of whether the lease expired by its own terms or was continued pursuant to the settlement agreement, the record is clear that the parties understood the effect of the October 9, 1968 lease as it stood. It is also apparent that the parties were aware of the effect the settlement negotiations were to have on that lease. The proposed settlement was not couched in terms of the expiration of the October 9, 1968 lease by its own terms, but rather, in the nature of a continuation of such leasehold agreement. Appellant's contention that appellee's failure to tender a rental payment on or before October 9, 1978 caused a lapse of the rental agreement dated October 9, 1968, and is inconsistent with and contrary to his October 24, 1978 acceptance of a settlement agreement offer from appellee.

Appellant seeks to avoid her acceptance of the settlement agreement based upon a fact which she knew to exist at the time of her acceptance. Such a position cannot properly be maintained. *Marrujo, supra.*

This Court has ruled in the past that a party can be considered bound by a settlement even if certain details are not worked out, if such details are not essential to the proposal or cause a change in the terms or purpose to be accomplished by the settlement. *Bogle v. Potter,* 72 N.M. 99, 380 P.2d 839 (1963). We hold that under the facts of this case, the failure of appellee to tender a $20.00 rental payment on or before October 9, 1978, and the absence of a novation, did not change the terms or purpose to be accomplished by the settlement offer.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY and FELTER, JJ., concur.