693 P.2d 597

**Linda QUINTANA, Plaintiff-Appellee,**

v.

**MOTEL 6, INC., et al.,
Defendants-Appellants.**

**No. 7855.**

Court of Appeals of New Mexico.

Dec. 18, 1984.

Elias N. Quintana, Albuquerque, for plaintiff-appellee.

Katherine E. Tourek, Gordon J. McCulloch, Bradley & McCulloch, P.A., Albuquerque, for defendants-appellants.

## OPINION

BIVINS, Judge.

Defendants appeal from an order setting aside a portion of a court-approved settlement in a worker's compensation action. The issue on appeal is whether the trial court erred. We hold it did and reverse.

Plaintiff suffered an accidental injury to her lower back in April, 1982. Following discovery the parties entered into a settlement which included extended medical benefits for a period of two years up to a limit of $9,000. The trial court approved the settlement in January, 1983. Less than a year later plaintiff through new counsel moved for relief from the judgment, claiming mutual mistake of fact. The trial court found for plaintiff and set aside that part of the judgment limiting defendants' obligation for future medical.

Dr. Eugene Szerlip, an orthopedic surgeon, and plaintiff's treating physician, had originally diagnosed plaintiff's injury as spondylolisthesis of the L–5, S–1 with a back strain superimposed which made that congenital defect symptomatic. Because conservative treatment was not relieving the symptoms, Dr. Szerlip recommended a fusion. This surgical procedure together with estimated cost figured into the settlement. A few months following the settle-

ment Dr. Szerlip ordered a discogram in preparation for the fusion. This diagnostic procedure revealed a degenerative disc at the L–4 level which he said was the "true cause of her pain." This disc, according to the physician, had not bulged sufficiently out of place to register on the myelogram nor was it hitting any nerve root so that it would show up on the electromyogram, two diagnostic procedures administered at the outset. Dr. Szerlip said this was not an unusual situation in lower back problems with people having spondylolisthesis. He said, "[w]hen you get them [causes] all sorted out, it becomes evidence that at least part of the pain is coming from an injury to the disc just above the spondylolisthesis and [the] spondylolisthesis itself, if not the cause of their pain, is certainly not the cause of all of their pain. Therefore, the answer must address both of those disc phases." He said any treatment for the lower back would have to include a laminectomy (excision of the postenor arch of L–4) as well as a fusion. The estimated cost of both procedures would be $15,080.

■ Generally, in order to set aside or avoid a written settlement or release, there must be evidence of misrepresentation, fraud, undue influence, coercion or mutual mistake, and such evidence must be clear and convincing. *Woods v. City of Hobbs,* 75 N.M. 588, 408 P.2d 508 (1965); *Durham v. Gulf Interstate Engineering Company,* 74 N.M. 277, 393 P.2d 15 (1964); *Mendenhall v. Vandeventer,* 61 N.M. 277, 299 P.2d 457 (1956). Plaintiff here claims only mutual mistake of fact. There is no dispute as to the facts, the issue involved being solely one of law. This being so, do the facts constitute a mutual mistake of fact that would warrant relief from the settlement?

Because of the change in diagnosis the trial court found "[t]hat there was a mutual mistake of fact as to the existence of the injury suffered by Plaintiff Linda Quintana." The trial court relied on language from *Mendenhall v. Vandeventer,* which makes a distinction between an incorrect diagnosis, which may provide a basis for

rescinding a settlement, and an incorrect prognosis, which does not.

Such distinction does not help plaintiff. In *Mendenhall,* as in this case, there was a known injury. Mrs. Mendenhall had a fractured ulna; plaintiff had a lower back injury. It was with reference to a known injury that settlement was effected in each case. At the time of the settlement there was no mistake by plaintiff, her doctor, her attorney, or defendants as to the injury itself; that was known. What was unknown was the precise cause, i.e. the degenerative disc at L–4 as opposed to the spondyloslisthesis of the level below.

In accord with the *Mendenhall* holding are cases from Florida with facts strikingly similar to the one before us. In *DeWitt v. Miami Transit Co.,* 95 So.2d 898 (Fla. 1957), a personal injury action, plaintiff signed a release in reliance of the doctor's initial examination which revealed " 'muscular and ligamentous strains with perhaps some minor tearing in her lower back.' " About a year later, plaintiff underwent a myelogram examination which revealed the existence of a herniated disc in the fourth lumbar interspace. Corrective surgery ensued. Plaintiff then instituted suit to avoid the general release on grounds of mutual mistake. On a motion for summary judgment, plaintiff submitted the affidavit of her doctor which stated that on the initial examination, there was no evidence of a herniated disc. The affidavit further stated that in the doctor's opinion, the plaintiff's accident was the proximate cause for the herniated disc.

The Florida Supreme Court affirmed the lower court's ruling in favor of defendant's motion for summary judgment, stating:

In the case before us there was no mistake as to the injury itself. The mistake, if any, here was as to the ultimate consequences of the injury. The opinion of the orthopedist is clear that there was no evidence of a herniated disc at the outset. Although the doctor may have suspected something of this nature, he "was not convinced" of it, according to his affidavit, until August, 1953, a full thirteen

months after the release was executed. Here Mrs. DeWitt and her doctors were fully informed by x-rays and otherwise that she had suffered an injury to her lower back. They merely failed to evaluate accurately at the time of the examination the ultimate product of the injury she had received.

While a release executed pursuant to a mistake as to a past or present fact may on proper showing be set aside, unknown or unexpected consequences of known injuries will not result in invalidating the release. An erroneous opinion or error of judgment respecting future conditions as a result of presently known facts will not justify setting the release aside. If the rule were otherwise no release could be safely accepted in personal injury matters. The end result would be that all such claims would be forced into litigation. Such a conclusion would be directly contrary to the policy of the law favoring amicable settlement of disputes and the avoidance of litigation.

95 So.2d at 901. *See also Swilley v. Long,* 215 So.2d 340 (Fla.App.1968), (Plaintiff who signed release on basis that injuries consisted of only a contusion and sprain of lower back was barred from invalidating release after a subsequent examination revealed a herniated disc); *Zock v. Douglas,* 284 So.2d 496 (Fla.App.1973) (Though plaintiff's nerve root injury assertedly did not manifest itself until after the release had been executed, plaintiff could not void a release on basis of mutual mistake since nerve root injury was merely the consequence of a known injury).

Here there was a lower back injury, the slipped disc was not evident on the initial exam, and the physician testified that he "had missed the true cause of her pain." The physician had merely failed to evaluate accurately at the time of the examination the ultimate product of the known injury. Here, as in *Mendenhall,* the mistake was as to the consequences of a known injury, not the injury itself.

In *Smith v. Loos,* 78 N.M. 339, 431 P.2d 72 (Ct.App.1967) this court held: "A con-

tract or settlement, which equity will reform or rescind because of a mutual mistake, must fail to express the agreement actually entered into, or fail to express what was really intended by the parties." 78 N.M. at 343, 431 P.2d 72 (citations omitted). The stipulation, judgment and release, and satisfaction of judgment contains language which clearly expressed the parties' intent. They provide, inter alia, for a "full, complete and final satisfaction of all claims, past, present or future, which Plaintiff may have or claim against the Defendants ... on account of the injury sustained by the Plaintiff." Moreover, the trial court carefully examined plaintiff with regard to her understanding of the settlement, as well as the provisions concerning the limited future medical benefits. The court informed plaintiff and her husband who was present at the hearing that, if the case went to trial, plaintiff could receive lifetime medical benefits and that, by settling, she was giving that up. Plaintiff acknowledged her understanding of the agreement and expressed her wish for its approval.

■ To permit the rescission of this settlement would undermine the policy which favors settlements. This court recently restated that policy in *Gonzales v. Atnip,* 102 N.M. 194, 692 P.2d 1343 (1984):

The historical and current public policy of this state is to favor the settlement of disputed claims. *Ratzlaff v. Seven Bar Flying Service, Inc.,* 98 N.M. 159, 646 P.2d 586 (Ct.App.1982). This policy applies to the settlement of lawsuits. *Jones v. United Minerals Corp.,* 93 N.M. 706, 604 P.2d 1240 (1979); *Bogle v. Potter,* 68 N.M. 239, 360 P.2d 650 (1961); *Esquibel v. Brown Construction Co.,* 85 N.M. 487, 513 P.2d 1269 (Ct.App.1973). The settlement of a lawsuit will be enforced by the courts. *Jones.*

■ To allow relief under the facts of this case would mean that settlements made in good faith would be subject to reformation or rescission whenever medical experts found a different consequence for

a known injury. Parties would be reluctant to resolve disputes if this was allowed.

We reverse.

IT IS SO ORDERED.

HENDLEY, J., concurs.

NEAL, J., dissents.

NEAL, Judge (dissenting).

I disagree with the majority for two reasons. I believe the majority ignores the distinction between a mutual mistake as to a present or past fact, which is subject to relief, and a mistake as to a future fact, which is not and also fails to apply the correct standard of review.

The starting point for the analysis should be the standard of review for a motion under NMSA 1978, Civ.P.R. 60(b)(1) (Repl. Pamp.1980). The majority fails to address the issue, so a brief review is in order. The rule provides that the court may relieve a party from a final judgment for, among other reasons, mistake. It is a remedial rule to be liberally construed. 7 Moore's Federal Practice § 60.22 [2] (1983). A court-approved workman's compensation settlement has the same elements of finality as to other judgments, and the rule is applicable to such settlements. *Durham v. Gulf Interstate Engineering Co.*, 74 N.M. 277, 393 P.2d 15 (1964). Rulings on a Rule 60 motion involve a balance between the conflicting interests of finality and the policy encouraging settlement in workmen's compensation cases on one hand, and the desire to achieve justice on the other. Courts have broad discretion in ruling on the motion. Wright and Miller, *Federal Practice and Procedure: Civil* § 2872 (1973). Our courts have held that the standard of review for Rule 60 motions is abuse of discretion. *Desjardin v. Albuquerque National Bank*, 93 N.M. 89, 596 P.2d 858 (1979). In order to reverse the trial court, then, it must be shown that the court's ruling exceeds the bounds of all reason, *Independent Steel and Wire Co. v. New Mexico Central Railroad Co.*, 25 N.M. 160, 178 P. 842 (1919), or that it is contrary to logic and reason, *Three Rivers Land Co.,*

*Inc. v. Maddoux*, 98 N.M. 690, 652 P.2d 240 (1982), or that the judicial action taken is arbitrary, fanciful, or unreasonable; if reasonable men could differ as to the propriety of the action taken, the court has not abused its discretion. *Canakaris v. Canakaris*, 382 So.2d 1197 (Fla.1980). Therefore the appellate court cannot merely substitute its judgment for that of the trial court unless there has been a clear abuse of discretion.

We therefore must examine the decision to reopen the judgment for abuse of discretion. The trial judge granted plaintiff's motion to reopen the court-approved settlement because the injury which is the subject of the settlement was not diagnosed correctly at the time the parties entered the agreement. In general a mutual mistake as to a past or present fact, such as a condition undiscovered at the time of the release or settlement is subject to relief. 54 Am.Jr.2d, Mistake, Accident, or Surprise, § 6 (1971). The majority states that the distinction, recognized in *Mendenhall v. Vandeventer*, 61 N.M. 277, 299 P.2d 457 (1956), between a mistake of a past or present fact and a "mistake" of a future fact, does not help the appellees. The law, however, is otherwise. *Mendenhall* draws a distinction between types of mistakes; only a mistake as to a past or present fact will justify relief. "A mistake as to the future unknowable effect of existing facts, a mistake as to the future uncertain duration of a known condition, or a mistake as to the future effect of a personal injury, cannot have this effect, because these future happenings are *not facts * * *.*" *Mendenhall*, 61 N.M. at 283, 299 P.2d at 461 quoting, *Chicago & N.W.Ry. Co. v. Wilcox*, 116 F. 913, 914 (8th Cir.1902). *See also Durham v. Gulf Interstate Engineering Co.*, 74 N.M. 277, 393 P.2d 15 (1964). Therefore, while a mistake in prognosis is not subject to relief, a mistake in diagnosis may be. This distinction is widely recognized. Even the case relied on by the majority, *DeWitt v. Miami Transit Co.*, 95 So.2d 898 (Fla.1957) recognizes the distinction: "While a release executed pursuant

to a mistake as to a past or present fact may on proper showing be set aside, unknown or unexpected consequences of known injuries will not result in invalidating the release." 91 So.2d at 901.

In this case the mistake was a present fact ascertainable at the time, not a mistake as to the future unknowable effect of an existing fact. The plaintiff did not seek to reopen the judgment because the injury became aggravated or worse than expected, but because the present status of the injury was not as the parties believed when they entered the settlement. Therefore the factual situation is different from *Durham* and *Mendenhall*. Nonetheless, both of those cases recognize that mutual mistake could justify relief from a judgment. *See Durham*, 74 N.M. at 282, 393 P.2d 15, *Mendenhall*, 61 N.M. at 277, 299 P.2d at 461. In *Durham*, the injury became more serious after the settlement and the plaintiff moved to reopen his claim. The court held that they did not err in refusing to reopen the case. In *Mendenhall*, not a workmen's compensation case, the plaintiff was told she would recover in four to six weeks. On that basis she executed a release. She did not recover as predicted and a second operation was required. On appeal the court affirmed the trial court's directed verdict in favor of defendant. Both cases involved mistakes as to the future effect of a known condition. Here the doctor made a mistake as to the current, ascertainable facts. Unlike one who makes a choice to settle a claim based on a correct diagnosis, and then experiences unforeseen aggravation of the condition, the plaintiff here did not have the facts upon which to make an informed decision to settle.

The trial judge was apprised of the facts and believed the mistake to be one of diagnosis of the current state of the injury. The injury did not become more severe than predicated; it was at the time more serious than the earlier diagnosis disclosed. The judge ruled to reopen that portion of the settlement dealing with medical expenses based on clear language in New Mexico case law. None of the cases relied on by the majority found an abuse of discretion in the granting of a Rule 60(b)(1) motion under such a situation. The judge's ruling is in keeping with the policy of the Workmen's Compensation Act to adequately compensate injured workers. Even if an appellate court disagrees, can it say, as a matter of law, that ruling to reopen the judgment, relying on a definition of mistake in New Mexico law, is an abuse of discretion? Hardly. I would affirm.