This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JILL MONTOYA-MARLOW, f/k/a**
**JOSEPHINE MONTOYA MARLOW,**

     Plaintiff-Appellant,

and

**ELIZABETH MONTOYA GARCIA**
**and ANDREA MONTOYA GURULE,**

     Plaintiffs,

v.                                                                                    **No. 29,928**

**EDWARDO MONTOYA, JR., ANTONIO**
**MONTOYA, ESTEVAN MONTOYA,**
**CARLOS MONTOYA, RICARDO MONTOYA,**
**DANIEL MONTOYA, ANNETTE MONTOYA-**
**LUX, TOMAS GONZALES, and LEOPOLDO P.**
**GONZALES,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Pedro G. Rael
Los Lunas, NM

for Appellant

Domenici Law Firm, P.C.

Charles N. Lakins
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff Jill Montoya Marlow, f/k/a Josephine Montoya Marlow, appeals the district court's order setting out and enforcing the parties' verbal settlement agreement placed in the record. We hold that, except for the grant of attorney fees, discrepancies between the verbal agreement and the order do not materially change the verbal agreement. With the exception of the grant of attorney fees, which we hold to be erroneous and unenforceable, we affirm.

**Background**

Plaintiffs sued Defendants to quiet title to the Andrea tract and the Camila tract (the tracts) located in lands known as the Montoya Ranch located in the Tecolote Land Grant, in San Miguel County, New Mexico. Defendants counterclaimed for damages for unjust enrichment. This lawsuit, which we refer to as the present action, filed in September 2003, came after an earlier lawsuit filed in 1999, in which Defendants sued the Tecolote Land Grant (the Tecolote action). In the Tecolote action, the district court determined that Defendants had title as against the Tecolote Land Grant (Tecolote) to the Montoya Ranch, except for particular designated land that is not at

issue in the present action. In the appeal in the Tecolote action, this Court, in November 2007, reversed the district court and remanded with instructions to dismiss Defendants' complaint. *See Montoya v. Tecolote Land Grant ex rel. Tecolote Bd. of Trs.*, 2008-NMCA-014, ¶ 33, 143 N.M. 413, 176 P.3d 1145. We determined that title was improperly placed in Defendants because they were not entitled to go behind a United States patent to argue that Tecolote was divested of property prior to the patent. *Id.* ¶ 32. The New Mexico Supreme Court granted certiorari in the Tecolote action in January 2008 and then quashed certiorari in October 2008. *See Montoya*, 2008-NMCERT-010, 145 N.M. 525, 201 P.3d 856. Defendants then unsuccessfully sought certiorari in the United States Supreme Court. *See Montoya*, 129 S. Ct. 1622 (2009).

While the Tecolote action was taking place, the district court in the present action entered an order and judgment in November 2005 adjudicating interests in the Tracts. The court specifically "reserve[d] ruling on imposing an equitable lien in favor of . . . Defendants on . . . Plaintiffs' interest in the [tracts]." In August 2006 in the present action, Defendants filed a motion to establish an equitable lien against the tracts. Defendants sought to establish the lien to recover from Plaintiffs a share of the costs and attorney fees that Defendants had paid to obtain title to the Montoya Ranch property in the Tecolote action, because the relief that Defendants gained in the

3

Tecolote action benefited Plaintiffs.[1] On November 10, 2008, the day that the district court was to hear the merits of the equitable lien issue, the parties announced that they had settled the matter and the attorneys recited the terms of the settlement. After Plaintiffs offered a proposed stipulated agreement and lien for Defendants' consideration that was not acceptable to Defendants, followed by the parties not being able to agree on the terms to be contained in an agreement or order, Defendants moved in July 2009 for presentment of a proposed order for entry by the court, and Plaintiff Jill Montoya Marlow in August 2009 filed a response to the motion. In August 2009, the court entered an order stating that the parties in open court in October 2008 "entered into a formal settlement agreement concerning all pending matters between them in this action, in general and specifically with regard to . . . Defendants['] request for an equitable lien." The court granted equitable liens against the tracts with accompanying terms that Plaintiff Jill Montoya Marlow, in this appeal, argues constituted error and requires the present action to be reversed.

---

[1] Plaintiff contends that based on the ultimate result in the Tecolote action she received no benefit. Defendants contend that the benefit was not lost or altered. The question of benefit was not litigated in the district court and is not raised as an issue for reversal on appeal in the present case. We therefore do not address the question.

**Arguments on Appeal**

On appeal, Plaintiff asks us to declare that there was no settlement agreement entered into between the parties, and Plaintiff seeks return of the amount paid in satisfaction of judgment "to avoid foreclosure." Plaintiff argues that the order was erroneously entered because the terms of the settlement were to be placed in a signed agreement; no written agreement was signed because the parties disagreed on what should be in the agreement and any order; the order declaring that the parties settled and enforcing equitable liens did not incorporate any written agreement signed by the parties; the order improperly granted relief beyond that which was discussed when the settlement was placed on the record; and there was no meeting of the minds in regard to what the order stated.

In particular, in addition to her contention that the parties' discussion at the hearing indicated an intent that a settlement agreement be prepared and that no settlement agreement was ever signed, Plaintiff complains that the order improperly contained the following terms that were not discussed at the hearing or agreed upon in a signed agreement: An award of attorney fees to the prevailing party if any action is brought to enforce the order; foreclosure of the lien if payment were not made; the date on which interest began to run on the Camila tract; and the right of Defendants to receive payment in land if the Andrea tract was partitioned.

Defendants on the other hand argue that the parties agreed to the essential terms of the settlement at the hearing and that those essential terms of the settlement were placed in the record. They point out that Plaintiffs agreed, among other things, to equitable liens on the tracts, to the amounts of the liens, and to six percent interest to begin to run thirty days from the date of the hearing. Defendants acknowledge that counsel for Plaintiff Jill Montoya Marlow was to prepare a settlement agreement and that one can infer that details of the settlement agreement and order would have to be worked out; however, they argue that the court approved the settlement at the hearing and that the details in question of which Plaintiff complains were not essential terms and the district court could enter an order without a signed settlement agreement.

Defendants address each of the four specific provisions that are attacked by Plaintiff. Defendants argue that Plaintiff cannot complain about the attorney fee provision because it was taken from Plaintiff's proposed stipulated agreement. Defendants argue that the right to foreclose an equitable lien "is merely a recitation of law" and nothing indicates that Defendants waived any right to collect on the liens. They concede that the date about which Plaintiff complains for the start of interest was incorrect and state that the error was typographical. Defendants further argue, as to the partition provision, that it was included in their proposed form of order presented to the court with their motion for presentment, that Plaintiff's response to the

6

presentment motion objected only to jurisdiction and not to specific provisions set out in the proposed order, and that Plaintiff presented no form of order. Plaintiff did not file a reply brief in this Court.

**Standard of Review**

Plaintiff offers no standard of review, in violation of Rule 12-213(A)(4) NMRA. Whether the new terms in the order materially changed the verbal settlement agreement is a legal question, and we review legal questions de novo. *See Self v. United Parcel Serv. Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

**Decision**

We determine that the district court erroneously granted attorney fees. There exists no basis on which to hold that the parties agreed to that award. As to the remaining issues, we cannot say that the district court erred. A verbal settlement was placed on the record before the court. The court congratulated the parties for resolving the case, said "it's a good thing[,]" and indicated it would "wait for the [o]rder." The court implicitly, if not expressly, verbally approved the settlement and vacated the proceeding. The discrepancies at issue between the essential terms constituting the verbal agreement and the terms stated in the district court's order documenting that agreement are not sufficient to nullify the verbal agreement stated on the record in court. The court could determine from the record of the verbal

settlement agreement that a signed agreement was not a condition precedent to entry of an order determining that a settlement occurred and stating the terms of settlement. As stated in *Esquibel v. Brown Constr. Co.*, 85 N.M. 487, 490, 513 P.2d 1269, 1272 (Ct. App. 1973):

> The record shows the parties contemplated putting the terms of the settlement in a written agreement to be signed by the parties, but there is nothing showing the settlement was not to be effective until this was done.  An oral stipulation for the compromise and settlement of claims . . . made in open court in the presence of the parties and preserved in the record of the court is as binding as a written agreement. . . . [The p]laintiff's claim that the settlement was not effective until placed in writing and signed is without merit.

(Second omission in original) (internal quotations marks and citations omitted).  The parties here were unable to agree on a written agreement, principally because the terms in Plaintiff's proposed written stipulated agreement went significantly beyond what was in the agreement placed of record and materially changed and added to the terms of that on-the-record agreement.  We are unable to see why the district court could not rule as to whether a settlement occurred and enter an order stating the settlement terms as long as the terms stated in the order fairly reflected the parties' agreement, were reasonably certain, and did not materially change the verbal agreement. *See Padilla v. RRA, Inc.*, 1997-NMCA-104, ¶ 8, 124 N.M. 111, 946 P.2d 1122 (recognizing the test of reasonable certainty as to the terms of a contract); *see also Jones v. United Minerals Corp.*, 93 N.M. 706, 708, 604 P.2d 1240, 1242 (1979)

("[A] party can be considered bound by a settlement even if certain details are not worked out, if such details are not essential to the proposal or cause a change in the terms or purpose to be accomplished by the settlement.").

Plaintiff's proposed stipulated agreement and Defendants' proposed order were before the court at the presentment hearing. In the same vein, Plaintiff knew from Defendants' proposed order that Defendants sought the partition provision, and we see nothing in the record to indicate that Plaintiff objected to that provision or objected to the court inserting that provision in the order.

Finally, we cannot categorically say that, when a party agrees to the establishment of an equitable lien against his or her real property, general language in a court order declaring the existence of the lien to the effect that the order did not waive any lienor rights that could be enforced through partition or foreclosure is necessarily a basis on which to vitiate the verbal settlement agreement. Implicit in imposition of an equitable lien is the right to enforce the lien against the property for the amount owed. We read the court's language to say only that, by entry of the order, Defendants did not waive enforcement remedies that they may lawfully have. Furthermore, the court found absurd Plaintiff's argument at the presentment hearing describing an undisclosed, subjective intent on the part of Plaintiff "that [she] would never be expected to pay out on [the] equitable lien[.]"

9

Except for the grant of attorney fees, we cannot fault the court for determining that the verbal settlement of record in the present case was effective notwithstanding that the parties were unable to reduce the settlement agreement to writing. Nor can we fault the court for placing in the order terms that were placed before the court at the presentment hearing that the court could, absent effective objection, or unless appropriately informed otherwise, assume were provisions that the court could consider in framing a workable order containing the settlement terms.

**CONCLUSION**

We hold that the grant of attorney fees was error and is unenforceable. We otherwise affirm.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CYNTHIA A. FRY, Judge**